## In re WYOMING TIGHT SANDS ANTITRUST CASES.

### The GAS SERVICE COMPANY, et al., Plaintiffs,

v.

### AMOCO PRODUCTION COMPANY, et al., Defendants.

No. 85–2349–S.

United States District Court, D. Kansas.

July 30, 1986.

Basil W. Kelsey, Frank B.W. McCollum, Terry W. Schackmann, Spencer, Fane, Britt & Browne, Overland Park, Kan.

Ralph Foster, Vice President & Gen. Counsel, John P. DeCoursey, Kansas Gas & Elec. Co., Wichita, Kan.

Robert T. Stephan, Atty. Gen., Wayne Hundley, Deputy Atty. Gen., Chief, Consumer Protection & Antitrust Div., Topeka, Kan.

Donald D. Barry, Topeka, Kan.

Stephen P. Dees, Robert J. Hammer, Farmland Industries, Inc., Kansas City, Mo.

Jack C. Chestnut, Chestnut & Brooks, Minneapolis, Minn.

Thomas Greenan, Ferguson & Burdell, Seattle, Wash.

Jerome T. Wolf, Spencer, Fane, Britt & Browne, Kansas City, Mo.

Randolph G. Willis, Watson, Ess, Marshall & Enggas, Olathe, Kan.

J. Eugene Balloun, Shook, Hardy & Bacon, Overland Park, Kan.

Mick Lerner, Stinson, Mag & Fizzell, Overland Park, Kan.

Douglas E. Nordlinger, Douglas G. Robinson, Skadden, Arps, Slate, Meagher & Flom, Washington, D.C.

Fred H. Bartlit, Jr., David M. Stryker, Kirkland & Ellis, Chicago, Ill.

John T. Schmidt, Jane J. Welch, Mark Pennington, C. Kevin Morrison, Margaret A. Swimmer, Mary J. Rounds, Elizabeth Head, Hall, Estill, Hardwick, Gable, Collingsworth & Nelson, Tulsa, Okl.

Lawrence M. Berkowitz, Frank L. Sallee, Matthew J. Verschelden, Stinson, Mag & Fizzell, Kansas City, Mo.

Darrel A. Kelsey, Ronald A. Skoler, Christian P. Mai, CSG Exploration Co., Tulsa, Okl.

Martin J. Keating, Chicago, Ill.

Colvin A. Peterson, Watson, Ess, Marshall & Enggas, Kansas City, Mo.

Jerry M. Gross, Amoco Corp., Chicago, Ill.

William G. Levi, David R. Schlee, W. Woody Schlosser, Smith, Gill, Fisher & Butts, Kansas City, Mo.

L.K. Smith, John A. Burkhardt, Boone, Smith, Davis & Hurst, Tulsa, Okl.

John K. Rosenberg, Gen. Counsel, The Kansas Power & Light Co., Topeka, Kan.

William L. Webster, Terry C. Allen, Shugart, Thomson & Kilroy, Jefferson City, Mo.

R. Lawrence Ward, W. Terrence Kilroy, Russell S. Jones, Jr., G. Adolph Schmidt, II, Shugart, Thomson & Kilroy, Kansas City, Mo.

Anthony Rupp, Shugart, Thomson & Kilroy, Corporate Woods, Overland Park, Kan.

Stan P. Doyle, James C. Thomas, Doyle & Harris, Tulsa, Okl.

Cloyd R. Mellott, Dale Hershey, D. Richard Funk, Mary K. Austin, Eckert, Seamans, Cherin & Mellott, Pittsburgh, Pa.

William H. Sanders, Floyd Finch, Jr., Katharine Bunn, Sally Burger, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, Mo.

James D. Griffin, Blackwell, Sanders, Matheny, Weary & Lombardi, Overland Park, Kan.

Randall B. Palmer, UtiliCorp United, Inc., Kansas City, Mo.

Thomas H. Brill, Deborah Farrar, Peterson & Farrar, Shawnee Mission, Kan.

David P. Mudrick, Director, Legal Services, The Kansas Power and Light Co., Topeka, Kan.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on plaintiff Kansas Power & Light Company's motion for leave to file its first amended complaint. Plaintiff seeks to add additional claims under the Racketeer Influenced & Corrupt Organizations Act [RICO], Missouri and Kansas antitrust statutes and pendent state claims. Plaintiff also seeks to add Cities Service Company as a defendant. Defendants have filed a joint motion in opposition on the grounds that plaintiff is dilatory in seeking to amend its complaint, the resulting prejudice to the defendants due to plaintiff's delay, and the futility of such claims. Defendants also claim that plaintiff's claims under RICO are vague and do not meet the standard of pleading with particularity required by Rule 9(b) of the Federal Rule of Civil Procedure.

Federal Rule of Civil Procedure 15(a) clearly states that leave to amend "shall be *freely given* when justice so requires" (emphasis added), and the United States Supreme Court has warned that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Such a motion is within a court's discretion, *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971).

■ The granting of an amendment on the pleadings is within the sound discretion of the trial court and should be freely given as justice requires. *Wyoming Construction Co. v. Western Casualty & Surety Co.*, 275 F.2d 97, 104 (10th Cir.1960). Federal Rule of Civil Procedure 15(a). The key to exercise of that discretion is whether allowing the amendment will unduly prejudice the other party. *Goodman v. Mead Johnson & Co.*, 388 F.Supp. 1070, 1071 (D.N.J.1974). Among the factors to be considered are "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc....." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

■ The court must agree with the plaintiff Kansas Power & Light that it has not been dilatory in seeking leave to amend, in view of the Court's Pretrial Order which provides that the parties may set a time limit to join parties and/or amend pleadings on July 29, 1986. The court therefore finds plaintiff's motion to amend should not be denied on the grounds that one plaintiff has been dilatory.

■ The court further finds that defendants will not be unduly prejudiced by the amendment of Kansas Power & Light Company's complaint. The court finds that only the first wave of discovery has been completed and the amendment to the complaint will not unduly delay the progress of

said discovery. The court further finds that the additional claims stem from the same basic transactions and factual allegations in Kansas Power & Light Company's original complaint. While the court understands that additional discovery will need to be done to defend against these claims, the defendants will not be unduly prejudiced. The court further finds that the joinder of Cities Service Company will not unduly surprise Cities Service Company as it is already a party to one of the individual cases.

The court will next address defendants' contention that plaintiff's motion to amend should be denied on the grounds of futility. In ruling on said argument, the court does not attempt to rule on the merits of plaintiff's proposed claims. The court will review plaintiff's amended complaint solely for the purpose of determining if action on the new claims would be futile. The court finds that it cannot agree with the defendants that the RICO allegations are deficient on their face. The court, while not purporting to rule on the merits, finds that the requisite allegations of RICO have been alleged. Specifically, the court cannot state with certainty that only a "single scheme" has been alleged.

The defendants also argue that plaintiff has failed to plead mail fraud with sufficient specificity. The court must agree. It is well settled that fraud allegations, including allegations of mail fraud predicate to a RICO claim require "specific assertions of time, place, ... the content of false representations [and] the identity of the person making the representations and what was obtained or given up thereby." *Dorman v. Cloud County Bank & Trust*, No. 86–2077–S (D. Kan., *unpublished*, April 30, 1986). The court therefore finds that plaintiffs should amend their complaint to allege mail fraud with the required specificity.

IT IS BY THE COURT THEREFORE ORDERED that plaintiffs' motion for leave to file an amended complaint is hereby granted. IT IS FURTHER ORDERED that plaintiffs shall have thirty (30) days from the date this Memorandum and Order is filed to amend their amended complaint to allege mail fraud with required specificity.