In re WYOMING TIGHT SANDS
ANTITRUST CASES.

The KANSAS POWER AND LIGHT
COMPANY, et al., Plaintiffs,

and

Utilicorp United, Inc.,
Intervening Plaintiff,

v.

AMOCO PRODUCTION COMPANY, et
al., Defendants.

No. 85–2349–S.

United States District Court,
D. Kansas.

Aug. 18, 1987.

On Motion to Reconsider Oct. 9, 1987.

Basil W. Kelsey, Frank B.W. McCollum, Terry W. Schackmann, Spencer, Fane, Britt & Browne, Overland Park, Kan.

Ralph Foster, Vice President & Gen. Counsel, John P. DeCoursey, Kansas Gas & Elec. Co., Wichita, Kan.

Robert T. Stephan, Atty. Gen., Wayne Hundley, Deputy Atty. Gen., Chief, Consumer Protection & Antitrust Div., Topeka, Kan.

Donald D. Barry, Topeka, Kan.

Stephen P. Dees, Robert J. Hammer, Farmland Industries, Inc., Kansas City, Mo.

Jack C. Chestnut, Chestnut & Brooks, Minneapolis, Minn.

Thomas Greenan, Ferguson & Burdell, Seattle, Wash.

Jerome T. Wolf, Spencer, Fane, Britt & Browne, Kansas City, Mo.

Randolph G. Willis, Watson, Ess, Marshall & Enggas, Olathe, Kan.

J. Eugene Balloun, Shook, Hardy & Bacon, Overland Park, Kan.

Mick Lerner, Stinson, Mag & Fizzell, Overland Park, Kan.

Douglas E. Nordlinger, Douglas G. Robinson, Skadden, Arps, Slate, Meagher & Flom, Washington, D.C.

Fred H. Bartlit, Jr., David M. Stryker, Kirkland & Ellis, Chicago, Ill.

John T. Schmidt, Jane J. Welch, Mark Pennington, C. Kevin Morrison, Margaret A. Swimmer, Mary J. Rounds, Elizabeth Head, Hall, Estill, Hardwick, Gable, Collingsworth & Nelson, Tulsa, Okl.

Lawrence M. Berkowitz, Frank L. Sallee, Matthew J. Verschelden, Stinson, Mag & Fizzell, Kansas City, Mo.

Darrel A. Kelsey, Ronald A. Skoler, Christian P. Mai, CSG Exploration Co., Tulsa, Okl.

Martin J. Keating, Chicago, Ill.

Colvin A. Peterson, Watson, Ess, Marshall & Enggas, Kansas City, Mo.

Jerry M. Gross, Amoco Corp., Chicago, Ill.

William G. Levi, David R. Schlee, W. Woody Schlosser, Smith, Gill, Fisher & Butts, Kansas City, Mo.

L.K. Smith, John A. Burkhardt, Boone, Smith, Davis & Hurst, Tulsa, Okl.

John K. Rosenberg, Gen. Counsel, The Kansas Power & Light Co., Topeka, Kan.

William L. Webster, Terry C. Allen, Shugart, Thomson & Kilroy, Jefferson City, Mo.

R. Lawrence Ward, W. Terrence Kilroy, Russell S. Jones, Jr., G. Adolph Schmidt, II, Shugart, Thomson & Kilroy, Kansas City, Mo.

Anthony Rupp, Shugart, Thomson & Kilroy, Corporate Woods, Overland Park, Kan.

Stan P. Doyle, James C. Thomas, Doyle & Harris, Tulsa, Okl.

Cloyd R. Mellott, Dale Hershey, D. Richard Funk, Mary K. Austin, Eckert, Seamans, Cherin & Mellott, Pittsburgh, Pa.

William H. Sanders, Floyd Finch, Jr., Katharine Bunn, Sally Burger, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, Mo.

James D. Griffin, Blackwell, Sanders, Matheny, Weary & Lombardi, Overland Park, Kan.

Randall B. Palmer, Utilicorp United, Inc., Kansas City, Mo.

Thomas H. Brill, Deborah Farrar, Peterson & Farrar, Shawnee Mission, Kan.

David P. Mudrick, Director, Legal Services, The Kansas Power and Light Co., Topeka, Kan.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on Utilicorp United, Inc.'s (Utilicorp) motion to intervene. The motion is brought pursuant to Rules 24(a) and 24(b) of the Federal Rules of Civil Procedure, which respectively address intervention of right and permissive intervention. This case is one of the most involved lawsuits ever coming before this court. The plaintiffs seek damages for an alleged conspiracy to fix the price of natural gas. The various claims involve fraud, conspiracy to defraud, breach of contract, violation of state antitrust laws, tortious interference with contract, and other allegations.

Prior occurrences in this case place the intervening plaintiff in a somewhat unique posture. Kansas Power and Light and the Gas Service Company originally filed a complaint in this lawsuit on September 20, 1984, in the Western District of Missouri. On February 26, 1985, Utilicorp filed a motion for permissive intervention. Utilicorp wished to assert essentially the same claims for relief as the other plaintiffs. At the time of its motion to intervene, Utilicorp was under the impression that the statute of limitations on its claims expired on March 15, 1985. The Western District of Missouri granted Utilicorp's motion. This case was subsequently transferred to this court and the complaint filed on June 27, 1985. On February 7, 1986, while discovery requests were pending against it, Utilicorp was voluntarily dismissed from the case by stipulation of the parties. Its explanation for this move is as follows:

> After nine months of wrangling over the proper venue for the case and watching the preliminary discovery skirmishes at huge conferences of lawyers, Utilicorp concluded that its percentage of the likely recovery did not warrant the vast expense and inconvenience of responding to the absurdly broad discovery requests filed by defendants. This plaintiff then decided to exercise its right to dismiss without prejudice under Fed.R.Civ.P. 41(a)(1).

Utilicorp has reassessed its decision and changed its mind, concluding that the evidence of defendants' wrongful conduct is reportedly so strong and damages so large that this plaintiff cannot afford to waive its claim because of the expense of discovery.

Utilicorp's Reply Brief, at 1–2.

■ Utilicorp first moves for intervention of right. In doing so, Utilicorp must establish that (1) the application is timely; (2) Utilicorp has "an interest in the property or transaction which is the subject of the action"; and (3) Utilicorp's interest would be impaired or impeded by disposition of the action without Utilicorp's involvement. Fed.R.Civ.P. 24(a). The first element, timeliness, involves consideration of the following factors:

> (a) Length of time the prospective intervenor knew or reasonably should have known of its interest before it petitioned to intervene.
>
> (b) Prejudice to the existing parties caused by delay resulting from the intervention.
>
> (c) Prejudice that the applicant would suffer if it is not allowed to intervene.
>
> (d) The existence of unusual circumstances militating either for or against intervention.

*Sanguine, LTD v. United States Dep't of Interior,* 736 F.2d 1416, 1418 (10th Cir. 1984). The timeliness of a motion to intervene is committed to the discretion of the court. *N.A.A.C.P. v. New York,* 413 U.S. 345, 365–66, 93 S.Ct. 2591, 2602–03, 37 L.Ed.2d 648 (1973).

■ The court has found it difficult to agree with Utilicorp that the present motion is timely. This case was filed almost three years ago. Utilicorp got out while the going was good, apparently believing in 1986 that the pot was not big enough to justify its participation "in tedious document production and discovery disputes." Utilicorp apparently acknowledges now that the untoward discovery process has uncovered some unexpectedly appealing evidence of wrongdoing by the defendants, and it now wishes to take advantage of the groundwork that the plaintiffs in this case have laid.

At least one court has denied intervention when the motion was filed *four*

*months* after the complaint. *See Harrisburg Hospital v. Thornburgh*, 611 F.Supp. 900 (M.D.Pa.1985). The court believes that it would be well within its discretion to deny the present motion based on a lack of timeliness, at least as far as the first factor is concerned. The court has also reviewed the cases holding that in certain circumstances, a *post-judgment* motion to intervene can be considered as timely within the court's discretion. *See United States v. Griffin*, 782 F.2d 1393 (7th Cir.1986); *Hodges v. United States*, 762 F.2d 1299 (5th Cir.1985). In any event, despite the court's disapproval of the tactics and motivation exhibited by Utilicorp in its approach to this litigation, the court will not find that the motion is untimely. Although much discovery has been accomplished, the lawsuit is not even in the vicinity of a final pretrial conference, and no dispositive motions have been filed to date. The case is in a posture such that Utilicorp's entrance should not greatly disturb the flow of the case to a final ending.

The court recognizes that some prejudice will accrue to Utilicorp if its motion is denied, although a separate lawsuit would cure much of this. Such a suit would be an inefficient use of judicial resources, however, and would prove to be more costly to the parties involved than intervention in the present case. The court also does not believe that such great prejudice would be incurred by the defendants if this motion is granted. The court does believe that the defendants have made some valid points concerning Utilicorp's in-again, out-again approach.

Therefore, the court finds that intervention of right has been established by Utilicorp and that, in any case, the court would grant permissive intervention even absent this fact. The court also finds that it would be an abuse of discretion not to put some condition on intervention. Pursuant to Rule 41(d), the court directs that as a condition to Utilicorp's intervention in this case, Utilicorp must pay the reasonable cost, including attorney's fees, expended by defendants in opposing the present motion.

IT IS BY THE COURT THEREFORE ORDERED that Utilicorp's motion to intervene be granted with the condition of the payment of the defendants' reasonable costs, including attorney's fees, expended in opposing this motion. IT IS FURTHER ORDERED that defendants submit an affidavit of fees within 10 days of the date of this Order. Utilicorp shall then have five days in which to respond to defendants' affidavit of fees.

### ON MOTION TO RECONSIDER

This matter is before the court on plaintiff-intervenor Utilicorp's motion for reconsideration of the court's August 18, 1987 Memorandum and Order granting its motion to intervene but placing a condition on such intervention. Without repeating the language contained in the earlier opinion, the court will simply note that plaintiff intervened in this case approximately two and one-half years ago, remained in the case for approximately one year, decided its potential recovery did not justify the expense of the lawsuit, voluntarily dismissed its complaint, and later learned that discovery had produced potentially significant evidence of liability, whereupon plaintiff once again moved for intervention. The court granted plaintiff's motion but conditioned intervention on payment of the defendants' costs in opposing the second motion to intervene. Plaintiff now contends that this court does not possess the power to place such a condition on intervention.

As the plaintiff points out, Rule 24 of the Federal Rules of Civil Procedure, which governs intervention of right, has appended to it the following Advisory Committee Note: "An intervention of right under the amended rule may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings." This provision does not attempt to create a new substantive rule as plaintiff intimates, but rather memorializes the inherent right that a federal court has in controlling the cases before it. While the court is unaware of plaintiff's source for its statement that there is a "public misconception that a federal judge is unconstrained by the rules of law that govern other officials" (especially in light of the recent backlash concerning a

certain ruling in a desegregation lawsuit in the Western District of Missouri), plaintiff's counsel is surely aware that "[c]ourts have inherent equitable powers to dismiss actions or enter default judgments [among other powers] for failure to prosecute, contempt of court, or abusive litigation practices." *TeleVideo Systems, Inc. v. Heidenthal,* 826 F.2d 915, 916 (9th Cir.1987). "Although the inherent powers have been criticized as "nebulous . . ., they are necessary to enable the judiciary to function." *Id.* The court is certainly aware of the limitations on this inherent power, and in the present case the court endeavored to fashion the exercise of this power to the facts of the case. If it is true that this remedy has never been applied in a case of this type, it is probably because an intervening plaintiff has never conducted its litigation precisely in the manner that Utilicorp has exhibited, or else an opposing party has not objected to such conduct.

In any event, the court does have the power to condition plaintiff's re-entry into the case. It could have placed an even greater burden on plaintiff, as plaintiff's motion appears to indicate. That the court showed restraint in not limiting Utilicorp's participation in the litigation by striking portions of its legal theories or by limiting its conduct of discovery is certainly no prohibition on the levying of a lesser condition. Moreover, a Rule 24 restriction on intervention is *not* limited to making the proceedings more efficient. Restitution intended to respond to the requirements of efficient conduct of the proceedings are only one type mentioned by the Advisory Committee, and reference to this one purpose is not a limitation.

Finally, plaintiff places much emphasis on the fact that the court is penalizing the litigant that prevailed on an issue. The common law has historically enforced equitable limitations on a litigant's assertion of a right. The doctrines of estoppel, unclean hands, laches, and waiver, among others, have traditionally limited a party from exercising what might otherwise be a "right" based on that party's conduct. The court believes that Utilicorp's conduct in the present lawsuit constitutes a form of abusive litigation practice and that, despite

its entitlement to intervention of right, a condition or restriction on intervention is appropriate as a means to ensure that parties do not lightly invoke the Federal Rules of Civil Procedure in deciding whether to participate in litigation as involved as the Wyoming Tight Sands case. Therefore, Utilicorp's motion to reconsider shall be denied on this basis.

Even beyond the grounds expressed above, the motion to reconsider was filed out of time, and the court may not even have the authority to review the previous order. Motions for reconsideration are considered as motions to alter or amend judgment under Rule 59(e) of the Federal Rules. *See Venable v. Haislip,* 721 F.2d 297, 299 (10th Cir.1983); *A.D. Weiss Lithograph Co. v. Illinois Adhesive Products Co.,* 705 F.2d 249, 249–50 (7th Cir.1983). A motion for reconsideration must be filed within ten (10) days after the date of the order, and the period cannot be extended. Fed.R.Civ.P. 59(e), 6(b)(2); *see Bernstein v. Lind–Waldock & Co.,* 738 F.2d 179, 182 (7th Cir.1984). In the present case, the original opinion was filed on August 18. The tenth workday after the 19th was September 1. Plaintiff's motion was filed on September 2. It is true that a court can always correct erroneous findings of fact or conclusions of law, but none are present in this case. At the very least, plaintiff's late filing serves as an estoppel against its contention that defendants' joint response was filed out of time.

As for defendants' submission of costs, the court agrees that it does not represent a reasonable attorney's fee for the brief in opposition to Utilicorp's motion to intervene. However, taking into consideration the expenses involved in opposing Utilicorp's motion for reconsideration, which has *not* been successful, the court does not believe that an inordinate reduction is required. The court will therefore grant defendants' costs in the amount of $14,000.00, a one-third reduction, to be divided according to the various law firms' percentages that comprised the original requested amount of $21,144.17. Contrary to plaintiff's belief, it would not have been allowed to simply file a $120.00 filing fee in initiating a new lawsuit and then consolidate with

the present case. The court certainly would have made an order for payment of costs under the authority granted by Fed. R.Civ.P. 41(d), so a comparison of the cost of defendants' opposition with the filing fee is irrelevant. Furthermore, Utilicorp recognizes the quality of representation that is present in this lawsuit and must be prepared for the costs that accompany this type of complex and protracted litigation.

Finally, the court will honor Utilicorp's request to deposit this amount with the court. Pursuant to Federal Rule of Civil Procedure 67, Utilicorp may deposit this sum with the Clerk of the District Court, and it shall direct the Clerk to place the money in an interest-bearing account.

IT IS BY THE COURT THEREFORE ORDERED that Utilicorp's motion for reconsideration be denied. IT IS FURTHER ORDERED that as a condition of intervention, Utilicorp pay into the Clerk of the District Court the sum of $14,000.00, to be deposited in an interest-bearing account pending the final outcome and any appeal of this litigation.