Ann R. **WILLNER**, Plaintiff–Appellant,

v.

**UNIVERSITY OF KANSAS,**
Defendant–Appellee.

No. 85–2320.

United States Court of Appeals, Tenth Circuit.

June 1, 1988.

As Amended July 25, 1988.
Rehearing Denied July 25, 1988.

---

Ann R. Willner, pro se.

Rose Marino, Associate Gen. Counsel, University of Kansas, Lawrence, Kan. (Mary Beth Mudrick, Topeka, Kan., with her on the brief), for Defendant–Appellee.

Before WRIGHT, ALARCON and HALL, Circuit Judges.[*]

PER CURIAM.

This case originated in a sex-discrimination suit against the University of Kansas. Claims tried in simultaneous bench and jury trials were resolved in the University's favor. Professor Willner appeals. We conclude that only two of her arguments on appeal warrant discussion: Was Willner prejudiced by the parol evidence instruction? And did the trial judge err by not recusing himself? Her other challenges we reject without comment. Affirmed.

## 1. PAROL EVIDENCE INSTRUCTION

Professor Ann Willner joined the University of Kansas political science faculty in the fall of 1969. Their association was not pacific. As early as spring of 1970 the parties disagreed over her teaching obligations. In 1977 she filed a complaint with the EEOC, alleging sexual and other discrimination. In that year the University demoted her to nine-tenths salary status. She sued.

Her Equal Pay Act complaint alleged discriminatory salary determinations dating back to 1970. At trial the University claimed that those salary determinations were based on a valid merit system and noted Willner's continual refusal to teach the normal political science faculty course load of five classes per year. Willner countered that the University's merit system defense was pretextual.

The parties dispute the terms of Willner's initial employment contract. She argues that she contracted for a reduced teaching load of two courses per semester. The University contends that no such bargain was struck.

The jury deciding the Equal Pay Act claim, and the judge deciding the Title VII claim, found in the University's favor. Judgment for the University was entered on both counts.

At issue in this appeal is the parol evidence instruction in Willner's jury trial. The parties had presented conflicting evidence of their contract. Willner emphasized her extended discussions with the department chairman that preceded her written acceptance of the University's offer of employment. The University emphasized that those preliminary discussions were not made part of the negotiating parties' agreement; and that even if the department chairman had intended to strike such a deal, he had no authority to do so—only an offer from the dean of the college could bind the University.

The parties submitted written evidence of their contract. The record reveals that following several weeks of negotiations between Willner and the political science department, the college dean wrote her to offer "the position of Associate Professor of the [Department of] Political Science for the year beginning in September, 1969, at a salary of $15,000 for the nine-month academic year."[1] Willner responded, in full:

Dear Dean Cobb: This is to confirm my acceptance of the position offered in your letter of March 20 of Associate Professor in your Department of Political Science, beginning in September, 1969. I enjoyed my visit to your campus and look forward to joining your faculty. Sincerely, Ann Ruth Willner.

The University insisted that that was the parties' integrated contract. And as one of

* Honorable Eugene A. Wright, Honorable Arthur L. Alarcon, and Honorable Cynthia Holcomb Hall, Circuit Judges, United States Court of Appeals for the Ninth Circuit, sitting by designation.

1. The letter also indicated that the faculty handbook contained the rules pertaining to faculty and welcomed Willner to the campus. Neither party argues that the faculty handbook was relevant to this aspect of their dispute.

its instructions to the jury considering Willner's Equal Pay Act claim, the trial court read this charge:

> If there is written evidence of an offer and acceptance of employment, which sets forth the terms of employment, then the written documents are the only evidence of the agreement. Evidence of prior oral statements concerning the terms of employment may not be used to attempt to alter the terms of the written agreement.

Instruction 13. Willner objected to that instruction at trial, arguing that it kept proper evidence from the jury.[2]

In analyzing that instruction, regarding this contract made and performed in Kansas, we apply Kansas law. Kansas law is that "[t]he parol evidence rule is not a rule of evidence but of substantive law. Its applicability is for the court to determine, and, when the result is reached, it is a conclusion of substantive law." *In re Goff's Estate*, 191 Kan. 17, 379 P.2d 225, 234 (1963) (quoting *Phipps v. Union Stock Yards Nat'l Bank*, 140 Kan. 193, 34 P.2d 561, 563 (1934)).[3]

Having heard the same evidence of the parties' contract in the simultaneous Title VII (bench) and Equal Pay Act (jury) trials, Judge Rogers found:

> Since 1969, each faculty member of the Department has generally been required to teach five courses each academic year. Plaintiff has been subject to this require-

ment since she was employed. *No agreement was ever reached between the plaintiff and the administration at KU or any chairperson of the Department which allowed plaintiff to teach less than five courses each academic year.* Chairperson Lujan had informed plaintiff when she was hired that the Department was working to reduce the course load of the faculty, but no guarantees were made that the course load would be reduced. Plaintiff was informed on a number of occasions after she was hired that the Department expected her to teach five courses each academic year.

August 2, 1985 Memorandum and Order at 6 (Title VII Case) (Finding of Fact 12) (emphasis added).

■ We infer from that finding that Judge Rogers determined that the exchange of letters constituted an integration of the parties' contract. Accordingly, he could properly instruct the jury in the Equal Pay Act trial not to consider Willner's parol evidence. We conclude that Instruction 13, while no model of clarity, did not prejudice Willner and does not warrant reversal of the jury verdict.

## 2. RECUSAL

■ Professor Willner contends that Judge Rogers erred by not recusing himself pursuant to 28 U.S.C. § 455(a) and (b)(1).[4] Such motions must be timely filed.

---

**2.** Counsel argued:

> I will object to 13 on the grounds that there was some evidence to indicate that the written document did not contain all the terms, that there were other terms, even some other documents making reference to the terms, that the written letter did not integrate the entire terms or reflect the intent of the parties and that the jury should consider all evidence and other evidence outside the letter of appointment to determine what the intent of the parties was and what the nature of the agreement was. So plaintiff will object to 13.

**3.** The authorities generally recognized by Kansas courts are to the same effect. Questions of integration are more factual than legal in nature (turning on intent of the parties), *see generally* 3 *Corbin on Contracts* § 588, pp. 528–29 (1960), but whether particular offered testimony alters or contradicts the writing is a question of law. *See id.* at § 595, p. 572. "If the question is

merely as to the completeness of the integration (there being no contradiction in terms), making it necessary to determine whether the proposed addition to the writing is one that ordinary men may reasonably be expected not to include in the writing that is in court, probably the court should usually decide it." *Id. Accord*, Restatement (Second) of Contracts, § 209(2): "*Integrated Agreements* ... Whether there is an integrated agreement is to be determined by the court as a question preliminary to determination of a question of interpretation or to the application of the parol evidence rule."

**4.** Section 455 provides:

> (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b)(1) He shall also disqualify himself ... [w]here he has a personal bias or prejudice

*See Singer v. Wadman,* 745 F.2d 606, 608 (10th Cir.1984) (motion to recuse under 28 U.S.C. §§ 144 and 455, filed one year after complaint was filed and after movant had suffered some adverse rulings, held untimely), *cert. denied,* 470 U.S. 1028, 105 S.Ct. 1396, 84 L.Ed.2d 785 (1985); *United States v. Slay,* 714 F.2d 1093, 1094 (11th Cir.1983), *cert. denied,* 464 U.S. 1050, 104 S.Ct. 729, 79 L.Ed.2d 189 (1984); *Chitimacha Tribe v. Harry L. Laws Co.,* 690 F.2d 1157, 1164 n. 3 (5th Cir.1982), *cert. denied,* 464 U.S. 814, 104 S.Ct. 69, 78 L.Ed.2d 83 (1983); *In re International Business Machines Corp.,* 618 F.2d 923, 932 (2d Cir. 1980). We review their denial for abuse of discretion. *Weatherhead v. Globe Int'l, Inc.,* 832 F.2d 1226, 1227 (10th Cir.1987).

Willner initiated this litigation in April, 1979. She first moved for Judge Rogers' disqualification on September 28, 1983.[5] In the intervening four years she had twice amended her complaint (her December 1982 motion to file and proceed upon a third amended complaint was denied), and considerable discovery had been completed. She filed a second motion for disqualification January 2, 1985.[6] The trial court denied those motions, and on March 27, 1985 this court denied her petition for mandamus compelling Judge Rogers to recuse himself.

Granting a motion to recuse many months after an action has been filed wastes judicial resources and encourages manipulation of the judicial process. *See In re International Business Machines Corp.,* 618 F.2d at 933 and *Chitimach Tribe,* 690 F.2d at 1164 n. 3. Here, Judge Rogers had invested four and one half years in these cases before Willner first moved for recusal. Without reaching the

question whether Willner's several allegations might ever suffice in a timely-filed § 455 motion, we conclude that denial of these untimely motions did not constitute abuse of discretion.

AFFIRMED.

---

concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

5. She urged three grounds for recusal: (1) Judge Rogers' position as a director of the University of Kansas Alumni Association, which overlapped early stages of this litigation; (2) a statement she alleged he was heard to make ("Those women over there! If they don't get the high-paying jobs they want, they holler discrimination"); and (3) comments he directed at her during a hearing in June, 1983 (concerning the

number of attorneys who had represented her, the many delays in her case, and the number of sex discrimination cases pending in his court).

6. She alleged one new ground for disqualification in her second motion: Judge Rogers' position on the Board of Governors of the University of Kansas Law School. She also reiterated her concern about his position as a director of the University of Kansas Alumni Association through June, 1981.