## In re WYOMING TIGHT SANDS ANTITRUST CASES.

### Civ. A. No. 85–2349–S.

United States District Court, D. Kansas.

April 27, 1989.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on plaintiffs' motion for the appointment of a special master to preside over and resolve disputes during depositions, pursuant to Rule 53(a) of the Federal Rules of Civil Procedure. Also before the court is the motion of defendant Williams Natural Gas Company (WNG) to amend this Court's Order of December 21, 1988 to certify the order under 28 U.S.C. § 1292(b). The court has thoroughly considered the extensive briefing submitted by the parties on these matters; the portions of deposition transcripts submitted with the briefs; and the general history of the discovery phase of this litigation. The court is now prepared to rule on these motions.

The appointment of a special master is reserved for exceptional circumstances. Rule 53(b) ("A reference to a master shall be the exception and not the rule."). The party requesting the appointment bears the

burden of showing the necessity of such an appointment.

■ The current motion arises from disputes between counsel during the deposition of John W. Morton. During this deposition, counsel for defendant William Natural Gas ("WNG") instructed the witness not to answer certain questions posed by plaintiffs' counsel. Also, plaintiff Kansas Power & Light (KP & L) contends that further interference and differences between counsel occurred during the deposition of Robert E. Berney. Plaintiff KP & L argues that a special master is needed to resolve such differences at future depositions. In further support for their motion, all plaintiffs state a special master is needed to resolve differences regarding the need for additional interrogatories of defendant Williams Natural Gas Company's witnesses, disputes over the length of depositions, and the compensation of witnesses for time spent in depositions.

First of all, the court notes that the discovery phase of this litigation has proceeded remarkably well and smooth. This case, which involves complex issues, numerous parties, and numerous attorneys, had the potential for confrontational and uncooperative discovery. To the court's pleasure, this has not been the case in the present lawsuit. Over 100 depositions have been taken and the taking of these depositions has proceeded at a good pace. Of all the depositions that have been taken, it is not surprising that some differences between attorneys have surfaced in a few depositions.

In regard to the disputes and differences that plaintiffs point out, plaintiffs have not availed themselves to other, more conventional remedies to these perceived problems. Plaintiffs have not filed with the magistrate a motion to compel further testimony pursuant to Rule 37 of the Federal Rules of Civil Procedure. Also, there has been no attempt to contact the magistrate to resolve disputes during the depositions.

The court finds that the few discovery disputes and differences relied on by plaintiffs in support of their motion are matters that Magistrate Rushfelt is quite capable of handling, if the need arises. Furthermore, some of plaintiffs' problems with depositions appear to be simple dissatisfaction with the deponent's answers. The court encourages counsel to continue conducting themselves in a cooperative manner. When discovery disputes occur in future depositions, counsel should work together to resolve the disputes in a professional manner. If future discovery disputes arise which cannot be worked out by counsel after serious attempts at resolution, the magistrate is available and quite able to deal with those disputes. In sum, the court is totally unconvinced that a special master is necessary to preside over depositions in this lawsuit, at least as the situation exists at the present time. Plaintiffs have failed to meet their burden of showing the need for the appointment of a special master.

■ The next matter before the court is defendant WNG's requests that the court amend the December 21, 1988 Order to certify the order under 28 U.S.C. § 1292(b), so that defendant WNG can petition the court of appeals for permission to take an interlocutory appeal from that order. In the December 21, 1988 Order, this court denied defendants' joint motion for a change of venue. A ruling on the motion for a change of venue is not an appealable order. Therefore, defendant WNG requests certification to facilitate an appeal of that order.

Title 28, United States Code, Section 1292(b) provides as follows:

When a district judge, in making a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Section 1292(b) sets out three criteria, all of which must be met before it is proper for a district judge to certify an order for review. The order must involve (1) a controlling question of law, (2) a substantial

ground for difference of opinion as to that question, and (3) the possible material advancement of the ultimate termination of the litigation. *Kirchen v. Guaranty Nat'l Ins. Co.*, 422 F.Supp. 58, 60–61 (E.D.Wis. 1976). *See also Span East Airlines, Inc. v. Digital Equip. Corp.*, 486 F.Supp. 831, 833–34 (D.Mass.1980).

First, the court finds that the question of whether venue should have been transferred pursuant to 1404(a) is not a controlling question of law. The court believes that interlocutory appeals from rulings on motions to transfer venue should not be certified. *See Garner v. Wolfinbarger*, 433 F.2d 117, 120 (5th Cir.1970); *see also Coopers & Lynbrand v. Livesay*, 437 U.S. 463, 477 n. 30, 98 S.Ct. 2454, 2462 n. 30, 57 L.Ed.2d 351 (1978) (Interlocutory appeals from discretionary rulings are "plainly inconsistent with the policies promoted by § 1292(b)."). The question resolved by the court in the December 21, 1988 order was not one of whether venue in Kansas was proper, but involved the discretionary issue of whether change of venue was warranted under 28 U.S.C. § 1404(a). *See Johns Manville Sales Corp. v. United States*, 796 F.2d 372, 373 (10th Cir.1986) (petition for interlocutory appeal granted when the question involved a decision on the issue of proper venue).

Secondly, the court is not convinced that there is substantial disagreement in case law regarding our ruling on the change of venue motion. Finally, the court finds that a determination by the appellate court on the issue of change of venue will not materially advance the ultimate termination of this litigation. The court finds that an interlocutory appeal on this matter would only increase the legal expenses for all parties and would delay rather than advance the ultimate termination of this litigation.

IT IS BY THE COURT THEREFORE ORDERED that plaintiffs' motion for the appointment of a special master is denied. IT IS FURTHER ORDERED that defendant Williams Natural Gas Company's mo-

tion to amend this Court's Order of December 21, 1988 is denied.