### In re WYOMING TIGHT SANDS ANTITRUST CASES.

#### Civ. A. No. 85–2349–S.

United States District Court, D. Kansas.

Nov. 29, 1989.

Basil W. Kelsey, Frank B.W. McCollum, Terry W. Schackmann, Spencer, Fane, Britt & Browne, Overland Park, Kan.

Ralph Foster, Vice President & Gen. Counsel, John P. DeCoursey, Kansas Gas & Elec. Co., Wichita, Kan.

Robert T. Stephan, Atty. Gen., Wayne Hundley, Deputy Atty. Gen., Chief, Consumer Protection & Antitrust Div., Topeka, Kan.

Donald D. Barry, Topeka, Kan.

Stephen P. Dees, Robert J. Hammer, Farmland Industries, Inc., Kansas City, Mo.

Jack C. Chestnut, Chestnut & Brooks, Minneapolis, Minn.

Thomas Greenan, Ferguson & Burdell, Seattle, Wash.

Jerome T. Wolf, Spencer, Fane, Britt & Browne, Kansas City, Mo.

Randolph G. Willis, Watson, Ess, Marshall & Enggas, Olathe, Kan.

J. Eugene Balloun, Shook, Hardy & Bacon, Overland Park, Kan.

Mick Lerner, Stinson, Mag & Fizzell, Overland Park, Kan.

Douglas E. Nordlinger, Douglas G. Robinson, Skadden, Arps, Slate, Meagher & Flom, Washington, D.C.

Fred H. Bartlit, Jr., David M. Stryker, Kirkland & Ellis, Chicago, Ill.

John T. Schmidt, Jane J. Welch, Mark Pennington, C. Kevin Morrison, Margaret A. Swimmer, Mary J. Rounds, Elizabeth Head, Hall, Estill, Hardwick, Gable, Collingsworth & Nelson, Tulsa, Okl.

Lawrence M. Berkowitz, Frank L. Sallee, Matthew J. Verschelden, Stinson, Mag & Fizzell, Kansas City, Mo.

James D. Griffin, Blackwell, Sanders, Matheny, Weary & Lombardi, Overland Park, Kan.

Thomas H. Brill, Deborah Farrar Quirk, Peterson & Farrar, Kansas City, Mo.

David P. Mudrick, Director, Legal Services, The Kansas Power and Light Co., Topeka, Kan.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on the motion of all defendants for an order disqualifying this judge from presiding over the future litigation and trial of these consolidated cases, pursuant to 28 U.S.C. § 455. Defendants base this motion on the probability that seven pages of written testimony which this judge gave to the Federal Power Commission in 1974, while serving as chairman of the Kansas Corporation Commission, may be presented as evidence in the present cases. The court has reviewed this testimony, reproduced as exhibit 9 to the Austin affidavit submitted in support of defendants' motion, and is prepared to rule. Plaintiffs oppose this motion for recusal.

*A. Timeliness of the Motion to Recuse.*

 First, the court finds that defendants' motion is quite untimely. These cases were consolidated before me in December of 1985. Defendants have waited four years before moving for my recusal. The Tenth Circuit Court of Appeals has held that motions for recusal "must be timely filed." *Willner v. University of Kansas,* 848 F.2d 1020, 1022 (10th Cir. 1988), *cert. denied* —— U.S. ——, 109 S.Ct. 797, 102 L.Ed.2d 788 (1989) (citations omitted). The tenth circuit further stated that "granting a motion to recuse many months after an action has been filed wastes judicial resources and encourages manipulation of the judicial process." *Id.* at 1023 (citing *In re International Business Mach. Corp.,* 618 F.2d 923, 933 (2d Cir.1980)). Also, the doctrine of laches should prevent a party from obtaining the relief sought in a tardy motion for recusal.

In the present case, defendants did not move for recusal until nearly four years after these cases were assigned to this judge. Although defendants may believe that this judge has "relatively little time invested in this case," I have executed no less than sixteen (16) orders in these cases, not including numerous orders granting extensions of time. These orders include a memorandum and order dismissing the States of Kansas and Missouri's paren patriae claims on behalf of consumers, *see* 695 F.Supp. 1109 (D.Kan.1987), *aff'd,* 866 F.2d 1286 (10th Cir.1988), *later proceeding,* —— U.S. ——, 110 S.Ct. 41, 107 L.Ed.2d 11 (1989) (inviting Solicitor General to file briefs); a memorandum and order denying defendants' motion for change of venue, slip opinion of December 21, 1988 (scheduled for publication); a memorandum and order denying a motion for appointment of a special master, 715 F.Supp. 307 (D.Kan. 1989); a memorandum and order granting leave to file an amended complaint 121 F.R.D. 682 (D.Kan.1986); and a memorandum and order granting Utilicorp Utilities, Inc.'s motion to intervene, 121 F.R.D. 685 (D.Kan.1987). The docket sheet for these cases is fifty-five pages long and 1141 documents and pleadings have been filed. Thus, on the grounds of untimeliness alone, the court is compelled to deny the motion.

Nevertheless, even a review of the merits of defendants' motion clearly indicates that it should be denied.

## B. The Situation.

In this lawsuit, plaintiffs allege that defendants illegally fixed the price of natural gas sold by the producing partnership to defendant Williams Natural Gas, a pipeline, for ultimate sale to the plaintiffs, utility companies. The alleged wrongful conduct began in 1979. Defendants plan to present historical background evidence of the existence of a natural gas shortage in the mid 1970s and the need for defendants to explore gas fields outside the mid-continent supply area. Defendants contend that my written statements to the Federal Power Commission on behalf of the people of Kansas while acting in my capacity as Chairman of the Kansas Corporation Commission in November of 1974 will be necessary evidence in the trial of these cases. In that testimony, I supported an application by now defendant Amoco Products Company to develop natural gas supplies in Wyoming. In the application before the Federal Power Commission, Amoco requested an increase in the price of gas from the Hugoton field in Kansas to help finance the development of the Wyoming Tight Sands gas fields which are now involved in the present cases. In the testimony, I stated that there was a need for long-term additional natural gas supplies and that the Wyoming project would help meet that need. Defendants concede that my testimony does not damage their case, but in fact supports their view of the natural gas situation in the mid 1970s. Nonetheless, defendants argue that presentation of the written testimony of the presiding judge will result in a reasonable question regarding this judge's impartiality.

## C. Recusal under 28 U.S.C. § 455.

■ A party moving to disqualify a judge under 28 U.S.C. § 455 must show that a reasonable person, knowing all the circumstances, would harbor doubts about the judge's impartiality. The purpose of section 455 is to foster impartiality by requiring its appearance. *Chitimacha Tribe of Louisiana v. Harry A. Laws Co.*, 690 F.2d 1157, 1165 (5th Cir.1982), *cert. denied*, 464 U.S. 814, 104 S.Ct. 69, 78 L.Ed.2d 83

(1983) (citing numerous cases). A recusal motion is committed to the sound discretion of the district judge. *Id.* at 1166.

### 1. Recusal is not required under section 455(b)(1).

■ Defendants contend that recusal is required under 28 U.S.C. § 455(b)(1) because I have knowledge of the overall circumstances which led to the Wyoming project. This section states:

> [Any judge] shall also disqualify himself ... where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

28 U.S.C. § 455(b)(1).

■ The court finds that the testimony of this judge, which may be offered as evidence in these cases, does not concern disputed evidentiary facts. At most, the testimony provides background information regarding why the Wyoming project was pursued. The mere fact that a judge has prior knowledge of facts concerning a party is not in and of itself sufficient to require the judge to disqualify himself. *United States v. Professional Air Traffic Controllers Org.*, 527 F.Supp. 1344, 1359 (N.D.Ill.1981) (citing *United States v. Patrick*, 542 F.2d 381, 390 (7th Cir.1976)). This testimony, which was given four years before the alleged wrongful conduct began, cannot be characterized as evidence concerning disputed facts in these cases.

### 2. Recusal is not required under section 455(b)(3).

Defendants also contend that recusal of this judge is mandated under 28 U.S.C. § 455(b)(3). This section states:

> [Any judge] shall also disqualify himself ... where he has served in governmental employment and in such capacity participated as counsel, advisor or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy.

28 U.S.C. § 455(b)(3).

The present cases were not filed until many years after I left my position as Chairman of the Kansas Corporation Com-

mission. Thus, there is no way I could have participated in the present proceeding while serving on the Commission. The sole basis on which defendants rely in seeking my recusal is testimony I submitted to the Federal Power Commission in 1974, and not testimony given in the present proceeding. Therefore, defendants' motion must be denied on this ground.

3. Recusal is not required under section 455(b)(5).

■ Defendants further contend that recusal is mandated under 28 U.S.C. § 455(b)(5). This section states:

[Any judge] shall also disqualify himself in the following circumstances ... he ... [i]s ... likely to be a material witness in this proceeding.

28 U.S.C. § 455(b)(5).

Defendants have never included this judge in any lists of witnesses filed with court. The only evidence with which this judge has been involved is the written testimony before the Federal Power Commission. As discussed above, this testimony is purely background evidence in regard to the controversy at issue in these cases, and thus the written testimony is not "material", as contemplated in section 455(b)(5), to the issues in these cases.

4. Recusal is not required under section 455(a).

Finally, defendants contend that recusal is mandated under 28 U.S.C. § 455(a). This section states:

Any justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

28 U.S.C. § 455(a). The inquiry for the court when evaluating a motion under section 455(a) is whether this judge's impartiality would be questioned by a reasonable person knowing all the circumstances. *Union Independiente de Empleados de Servicios Legales v. Puerto Rico Legal Services*, 550 F.Supp. 1109, 1111 (D.P.R.1982). The matter requires an objective determination of whether there is an appearance of impartiality.

■ Defendants argue that my testimony regarding the shortage of natural gas and the need for development of new sources of supply will create reasonable doubts about my impartiality. The court finds that the connection between my testimony, given over fifteen years ago, and the appearance of impartiality in presiding over these cases is extremely tenuous. The 1974 testimony does not directly involve any material issue in these cases. The court is not convinced that a reasonable person would question this judge's impartiality based on that limited testimony.

■ In addition, defendants argue that the fact that I served as counsel for defendant Williams Natural Gas (WNG) on one occasion while in private practice may raise a question regarding my impartiality. The fact that I may have represented WNG on one occasion in an unrelated matter does not create a question regarding the appearance of impartiality when I sit on a case in which WNG is a party. As the fifth circuit has stated, a relationship between a judge and a party which was terminated many years ago "is too remote and too innocuous to warrant disqualification under § 445(a) or § 144." *Chitimacha Tribe*, 690 F.2d at 1166.

*D. Conclusion.*

Although defendants have been quite dilatory in filing this motion and it should be denied for that reason alone, the court is convinced that recusal is not appropriate in these consolidated cases even after addressing the merits of the motion. The only "involvement" of this judge with these cases occurred eleven years before the cases were consolidated before me and over four years before the alleged wrongful conduct by the defendants even began. The "involvement" was one occasion of written testimony submitted to the Federal Power Commission supporting defendants' efforts to develop natural gas supplies in Wyoming. In the present motion, defendants have gone to great lengths in their attempts to convert this very limited and insubstantial incident into some kind of ma-

terial evidence that is crucial to their case and somehow requires my recusal. The court refuses to buy into this illusion and has no difficulty finding that this judge's testimony before the Federal Power Commission in 1974 provides only background information for the issues in these cases. The testimony does not create in the mind of a reasonable person any kind of question regarding this judge's impartiality in presiding over these cases. Moreover, I can personally assure the parties and the general public that I have no bias for or prejudice against any party in these cases. I have no predisposition about how the ultimate issues should be resolved. I can guarantee all concerned that a fair trial will be conducted in these cases.

Also pending before the court is plaintiffs' motion for a trial setting in these cases. The court finds that such a setting should be made, and thus, the court will set these cases for trial in the order language below.

IT IS BY THIS COURT THEREFORE ORDERED that defendants' motion for recusal, which borders on frivolous, is denied.

IT IS FURTHER ORDERED that these cases are set for trial on September 25, 1990, to commence at 10:00 a.m., in Kansas City, Kansas.