**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 16 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

BUICK MOOMCHI,

     Plaintiff-Appellant,

v.

DEPARTMENT OF CORRECTIONS;
STATE OF NEW MEXICO; KARL L.
SANNICKS, individually and in his
capacity as the Secretary of
Corrections; CHARLES KING,
individually and in his capacity as
Mental Health Director, New Mexico
Department of Corrections; GEORGE
E. SANCHEZ, individually and in his
capacity as Acting Health Program
Director, Department of Corrections;
VIRGIL GARCIA, individually and in
his capacity as the Equal Employment
Officer, New Mexico Department of
Corrections; KATHLEEN NESTOR,
individually and in her capacity as the
Mental Health Services Director of the
Penitentiary of New Mexico, and as an
agent of the State of New Mexico;
JOHN/JANE DOE, 1, as persons
associated with one or more of the
above named defendants, although
unknown at this time,

     Defendants-Appellees.

No. 96-2245
(D.C. No. CIV-96-163)
(D. N.M.)

ORDER AND JUDGMENT[*]

Before ANDERSON, LOGAN, and EBEL, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff appeals the district court's dismissal of his employment discrimination action, with prejudice, pursuant to Fed. R. Civ. P. 37(b)(2)(C), as a discovery sanction. Because, in doing so, the district court considered the appropriate factors and did not otherwise abuse its discretion, see Ehrenhaus v. Reynolds, 965 F.2d 916, 920-21 (10th Cir. 1992); see also Jones v. Thompson, 996 F.2d 261, 264-66 (10th Cir. 1993), we affirm the dismissal.

Plaintiff also challenges the district court's disposition of a number of pretrial matters. The district court did not err in denying plaintiff's motion to remand this action to state court. Plaintiff's complaint, which included causes of

[*]      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

-2-

action under 42 U.S.C. §§ 1981, 1983, 1985, 1986, 2000d and 2000e, and the United States Constitution, set forth "a claim or right arising under the Constitution, treaties or laws of the United States," 28 U.S.C. § 1441(b), and was, thus, removable to federal court. Further, defendants filed a timely notice of removal, properly measured from the time plaintiff served his complaint alleging these federal claims. See id. § 1446(b).

The district court did not abuse its discretion in denying plaintiff's default judgment motion, see Gulley v. Orr, 905 F.2d 1383, 1386 (10th Cir. 1990), in light of defendants' timely filed answer, see Fed. R. Civ. P. 81(c). Nor did the district court abuse its discretion, see Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995), in denying plaintiff's motion for appointment of counsel. The district court also did not err in denying plaintiff's motions to disqualify defendants' counsel.

Alleging that the magistrate judge was biased against him, plaintiff, on several occasions, requested the magistrate judge's recusal, although he did not specify the statutory authority upon which he was relying. See generally 28 U.S.C. §§ 144, 455(a), (b)(1) (addressing grounds, procedures for recusal because of bias or prejudice). The district court did not abuse its discretion in not granting plaintiff's recusal requests, see, e.g., United States v. Burger, 964 F.2d 1065, 1070 (10th Cir. 1992), both because those requests were untimely, see, e.g.,

Green v. Branson, 108 F.3d 1296, 1305 (10th Cir. 1997) (§ 144); Green v. Dorrell, 969 F.2d 915, 919 (10th Cir. 1992) (§ 144); Willner v. University of Kan., 848 F.2d 1020, 1022-23 (10th Cir. 1988) (§ 455(a), (b)(1)), and because he failed to make a sufficient showing of either the actual or apparent bias or prejudice of the magistrate judge, see, e.g., Willner v. University of Kan., 848 F.2d 1023, 1026-28 (10th Cir. 1988) (§§ 144, 455(a), (b)(1)).

Plaintiff failed to raise, in the district court, his arguments that the imposition of sanctions subjected him to double jeopardy and that he was entitled to the appointment of counsel because he faced possible criminal contempt sanctions. We, therefore, need not address these grounds for relief. See, e.g., Tilton v. Capital Cities/ABC, Inc., No. 96-5041, 1997 WL 332430, at *3, *4, *8 (10th Cir. June 18, 1997).

The judgment of the United States District Court for the District of New Mexico is, therefore, AFFIRMED. Plaintiff's pending motion to disqualify defendants' counsel is DISMISSED. His remaining pending motions, including his request for oral argument and for the imposition of sanctions against defendants' attorneys, are DENIED.

Entered for the Court

David M. Ebel
Circuit Judge

-4-