117 F.3d 1428
 97 CJ C.A.R. 1169
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 BUICK MOOMCHI, Plaintiff-Appellant,
v.
DEPARTMENT OF CORRECTIONS; State of New Mexico; Karl L.
Sannicks, individual and in his capacity as the Secretary of
Corrections; Charles King, individually and in his capacity
as Mental Health Director, New Mexico Department of
Corrections; George E. Sanchez, individually and in his
capacity as Acting Health Program Director, Department of
Corrections; Virgil Garcia, individually and in his
capacity as the Equal Employment Officer, New Mexico
Department of Corrections; Kathleen nestor, individually
and in her capacity as the Mental Health Services Director
of the Penitentiary of New Mexico, and as an agent of the
State of New Mexico; John/Jane Doe, 1, as persons
associated with one or more of the above named defendants,
although unknown at this time, Defendants-Appellees.
 No. 96-2245.
 United States Court of Appeals, Tenth Circuit.
 July 16, 1997.
 
 Before ANDERSON, LOGAN, and EBEL, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff appeals the district court's dismissal of his employment discrimination action, with prejudice, pursuant to Fed.R.Civ.P. 37(b)(2)(C), as a discovery sanction. Because, in doing so, the district court considered the appropriate factors and did not otherwise abuse its discretion, see Ehrenhaus v. Reynolds, 965 F.2d 916, 920-21 (10th Cir.1992); see also Jones v. Thompson, 996 F.2d 261, 264-66 (10th Cir.1993), we affirm the dismissal.
 
 
 4
 Plaintiff also challenges the district court's disposition of a number of pretrial matters. The district court did not err in denying plaintiff's motion to remand this action to state court. Plaintiff's complaint, which included causes of action under 42 U.S.C. §§ 1981, 1983, 1985, 1986, 2000d and 2000e, and the United States Constitution, set forth "a claim or right arising under the Constitution, treaties or laws of the United States," 28 U.S.C. § 1441(b), and was, thus, removable to federal court. Further, defendants filed a timely notice of removal, properly measured from the time plaintiff served his complaint alleging these federal claims. See id. § 1446(b).
 
 
 5
 The district court did not abuse its discretion in denying plaintiff's default judgment motion, see Gulley v. Orr, 905 F.2d 1383, 1386 (10th Cir.1990), in light of defendants' timely filed answer, see Fed.R.Civ.P. 81(c). Nor did the district court abuse its discretion, see Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir.1995), in denying plaintiff's motion for appointment of counsel. The district court also did not err in denying plaintiff's motions to disqualify defendants' counsel.
 
 
 6
 Alleging that the magistrate judge was biased against him, plaintiff, on several occasions, requested the magistrate judge's recusal, although he did not specify the statutory authority upon which he was relying. See generally 28 U.S.C. §§ 144, 455(a), (b)(1) (addressing grounds, procedures for recusal because of bias or prejudice). The district court did not abuse its discretion in not granting plaintiff's recusal requests, see, e.g., United States v. Burger, 964 F.2d 1065, 1070 (10th Cir.1992), both because those requests were untimely, see, e.g., Green v. Branson, 108 F.3d 1296, 1305 (10th Cir.1997) ( § 144); Green v. Dorrell, 969 F.2d 915, 919 (10th Cir.1992) ( § 144); Willner v. University of Kan., 848 F.2d 1020, 1022-23 (10th Cir.1988) ( § 455(a), (b)(1)), and because he failed to make a sufficient showing of either the actual or apparent bias or prejudice of the magistrate judge, see, e.g., Willner v. University of Kan., 848 F.2d 1023, 1026-28 (10th Cir.1988) ( §§ 144, 455(a), (b)(1)).
 
 
 7
 Plaintiff failed to raise, in the district court, his arguments that the imposition of sanctions subjected him to double jeopardy and that he was entitled to the appointment of counsel because he faced possible criminal contempt sanctions. We, therefore, need not address these grounds for relief. See, e.g., Tilton v. Capital Cities/ABC, Inc., No. 96-5041, 1997 WL 332430, at * 3, * 4, * 8 (10th Cir. June 18, 1997).
 
 
 8
 The judgment of the United States District Court for the District of New Mexico is, therefore, AFFIRMED. Plaintiff's pending motion to disqualify defendants' counsel is DISMISSED. His remaining pending motions, including his request for oral argument and for the imposition of sanctions against defendants' attorneys, are DENIED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3