VIRGINIA ELECTRIC & POWER
COMPANY

v.

SUN SHIPBUILDING & DRY
DOCK CO.

Civ. A. No. 74–0483–R.

United States District Court,
E. D. Virginia,
Richmond Division.

Feb. 11, 1975.

R. Kenneth Wheeler, Thomas G. Slater, Jr., Richmond, Va., for plaintiff.

Rosewell Page, III, Richmond, Va., for defendant.

## MEMORANDUM

WARRINER, District Judge.

This diversity case arises out of a contract entered into between Virginia Electric and Power Company and Sun Shipbuilding & Dry Dock Company under which Sun undertook to fabricate steam generator and reactor coolant pump supports to be used by VEPCO for its generating units at the North Anna Nuclear Power Station located in Louisa County, Virginia. VEPCO does not believe Sun carried out its undertaking properly and claims damages in the amount of $152,000,000.

Sun points out that such a substantial recovery by VEPCO would represent a sum in excess of 25% of VEPCO's entire 1973 operating revenue of $524,963,000. Sun claims that the magnitude of the potential recovery by VEPCO would constitute a denial of its Seventh Amendment right to trial by an impartial jury. Sun points out that the Richmond Division of the Eastern District of Virginia is served exclusively by VEPCO or by those who purchase wholesale from VEPCO. Thus, any juror living in the Richmond Division would have a financial interest in the outcome of the case by virtue of his consumption of electricity sold by VEPCO. Accordingly, Sun asks that the action be transferred to the Eastern District of Pennsylvania where its yards are located. Sun's motion is made under the provisions of 28 U.S.C. § 1404(a).

Sun admits that it has no proof at this stage in the litigation of the facts upon which it relies to support its motion for transfer. Sun makes certain assumptions regarding facts which it believes exist and which it believes it could prove if given an opportunity. The assumptions upon which Sun relies in support of its motion are as follows:

"1. Defendant Sun Ship is incorporated under the laws of Pennsylvania. It is not licensed to do business in Virginia, does not perform any work or have any agents located in this state and does not advertise or solicit business in Virginia.

"2. Stone and Webster, described as VEPCO's agent in paragraph 2 of VEPCO's complaint, is a Massachusetts corporation, licensed to do business in Virginia. To properly adjudicate all the issues in this matter, Sun Ship may have to join Stone and Webster as a third-party defendant in this action.

"3. Counsel's preliminary investigation indicates that except for several very small and isolated areas plaintiff VEPCO is the sole provider, directly or indirectly, of electricity to users of electric power in the cities, towns and counties encompassed by the Eastern District of Virginia. Except in rare instances, all persons eligible to sit as jurors in cases tried in the Eastern District of Virginia must obtain their electricity, directly or indirectly, from VEPCO.

"4. Because the rates which VEPCO can charge for its electricity are limited by Virginia law, Virginia authorities will assure that VEPCO's customers will benefit from any substantial amount VEPCO might collect as a result of a judgment in its favor in this lawsuit.

"5. The vast majority of potential jurors in the Eastern District of Virginia will have a substantial and conscious pecuniary interest in the outcome of this law suit, since the rates which VEPCO will be able to charge for electricity will be measurably reduced if it recovers in this action amounts in the magnitude of the damages claimed.

"6. Trial before a jury in the Eastern District of Virginia would violate Sun Ship's rights to due process and a trial by an impartial jury guaranteed by the Fifth and Seventh Amendments.

"7. The alleged events which form the basis of plaintiff's claim of breach of contract, breach of express warranty, breach of implied warranty, negligence, and false misrepresentation could only have occurred at Sun Ship's fabricating and testing facilities in Chester, Pennsylvania, since VEPCO essentially claims that Sun Ship improperly fabricated and tested certain steam generator and reactor coolant pump supports.

"8. Witnesses necessary for the trial of this case reside in the Philadelphia area, the Boston area, and the vicinities of Louisa County and Richmond, Virginia.

"9. Philadelphia is a convenient site for the trial of this action.

"10. The law which must be applied in this diversity action is the law of Pennsylvania.

"11. If the case is transferred, it will be in the interests of justice, and it will not be inconsistent with the convenience of the parties, the witnesses, and the Court."

Sun suggests that the Court should defer ruling on its motion until it has had an opportunity to develop the assumed facts by proof. An examination of the assumptions upon which the motion is based reveals that delay in determining the question of transfer is not necessary. If the Court, in effect, accepts as true the facts assumed by Sun for purposes of deciding the motion, then Sun cannot complain of a lack of opportunity to prove the facts. The matter should be resolved without delay and if Sun prematurely filed its motion, it must accept the consequences of such premature filing.

For purposes of determining the issues raised by the motion for transfer the Court accepts as true the assumptions of fact set forth in numbered paragraphs one through three above. With respect to the assumptions set forth in paragraphs four and five, the Court observes that these assumptions are not provable even if Sun were granted a reasonable time to educe its evidence. Surely the State Corporation Commission and the Supreme Court of Virginia are not going to render an advisory opinion for the convenience of the parties in this case and until they have decided the question in an actual case no one can say what treatment will be given to recovery by VEPCO of a sum of this magnitude. Sun has cited to the Court no holding in any state, much less Virginia, where the recovery by a regulated utility of a substantial sum in damages has resulted in a rebate or reduction in rate to its customer. The Court will accept, without proof, however that such a rebate or reduction in rates might occur and that any prospective juror-customer might surmise that it might occur.

Assumptions six and eleven are merely conclusions as to the ultimate issue which the Court must decide. No factual proof can be offered on these points. Assumption seven is accepted but the Court observes that it is not where a tort occurs or a breach occurs but where the proof exists that is important to a question of convenience. Assumptions eight and nine are accepted as true and assumption ten is accepted as possibly or partially true.

Given these facts, *arguendo*, defendant does not make out a case for a transfer under § 1404(a). Defendant has cited the Court to several cases in which certain persons were erroneously allowed to sit on the jury who were so connected with one or the other party as to deprive the other party of an impartial jury. Tumey v. Ohio, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1926) involved a mayor who was permitted personally to retain the court costs if he found a defendant guilty when tried before the mayor's court. In Coatings Corporation v. Continental Gas Company, 393 U.S. 145, 89 S.Ct. 337, 21 L.Ed.2d 301 (1968) an arbitration award was set aside because one of the arbitrators performed services for one of the parties for which he had received compensation in the amount of approximately $12,000 over the four to five years immediately preceding the arbitration proceeding. One of the jurors was a shareholder of Ford Motor Company in Chestnut v. Ford Motor Company, 445 F.2d 967 (4th Cir. 1971). Seven of the members of the jury were members of the Cooperative in Ozark Border Electric Cooperative v. Story, 348 S.W.2d 586 (Mo.App.1961). By dictum, the right of citizens of a municipality to sit as jurors where the municipality is a party has been questioned. Tumey v. Ohio, *supra*, 273 U.S. at 528–531, 47 S.Ct. 437, 71 L.Ed. 749.

None of these cases decide the issue here presented. Of all the authorities cited that which comes nearest to answering the question posed here is the dictum of *Tumey*, *supra*, 273 U.S. 528–531, 47 S.Ct. 437, 443, 71 L.Ed. 749. As

mentioned above, the question discussed there is whether a citizen of a municipality may sit as a juror where the city is a party or where the city, by receipt of fines, may benefit from a finding in favor of the city or a conviction. The Court noted that this might have been the strict common law rule, but that "... the strict rule seemed to be inconvenient, impracticable and unnecessary ... such remote or minute interest in the litigation might ... not ... be a reason for disqualification of a judge or a juror."

■ The Court observes that every United States Judge is a citizen of the United States and yet he is not considered disqualified to impose substantial fines payable to the United States. Jurors who are citizens of the Commonwealth of Virginia may impose substantial fines payable to the Commonwealth. Va.Code Ann., §§ 25–46.19, 25–46.20 (Supp.1974). The commissioners as free holders of a municipality determine the award in condemnation cases despite the fact that the amount of the award could affect the amount of taxes each might have to pay as a citizen of the municipality. Va.Code Ann., §§ 8–754, 19.1–291; § 18.1–9 (Supp.1974). The point seems to be that even though it is clear there will be a financial impact upon the trier of fact, if that impact is insubstantial or insignificant, the trier of fact is not disqualified.

■ In the instant case it cannot be said with certainty that there will be any impact. As noted above, the impact on jurors of a recovery on the part of VEPCO in this case will not be determinable until the amount is ascertained, the recovery is made, the State Corporation Commission has reached a conclusion as to how the recovery should be treated, and this conclusion, in all likelihood, is reviewed by the Supreme Court of Virginia. Until such time no one, including prospective jurors, can know what impact, if any, a recovery by VEPCO will have. Thus, we have a situation in which we not only do not know whether the impact will be insubstantial

or insignificant, we do not know whether there will be any impact at all.

Further, even if VEPCO recovers the full amount sued for—and more—this would in nowise amount to a windfall. Neither VEPCO nor any of its customers would be placed in a favorable position. VEPCO, and perhaps its customers, would merely be placed in the position they should have been had not Sun defaulted.

The feature of the briefs filed by Sun that is most significant to the Court is the complete absence of a citation to any authority which holds that a regulated utility may not be sued or file suit in a State or district covered by its franchise. Suits by and against utilities are rampant. Heretofore the complaint most often heard was that jurors would give inordinately high verdicts *against* utilities, since the utilities "had plenty of money."

Sun's approach, then, is a novel one. It is without direct support from any authority. If followed it would deny utilities their home venue in all except the most minor of cases.

■ This Court is unwilling to take this novel step with Sun and the motion will be denied. The Court recognizes, however, that there will be extensive and prolonged discovery before this case comes on for trial. At the request of counsel, the discovery cut-off date is 1 March 1976 and the trial is not scheduled to commence until 1 June 1976. Trial is expected to last two to three weeks, perhaps more, and the expense involved in the preparation and trial of the case will be commensurate with the damages involved. It would be a miscarriage of justice to have incurred such time and expense only to have the judgment of the district court reversed for error in determining this initial motion to transfer. Accordingly, this Court is of the opinion and specifically finds that its decision to deny the motion for transfer involves a controlling question of law as to which there is substantial ground for difference of opinion and

that an immediate appeal from the order may materially advance the ultimate termination of the litigation. On the basis of this finding, Sun may seek an immediate appeal under the provisions of 28 U.S.C. § 1292(b).

An appropriate order shall issue.