NORTHERN INDIANA PUBLIC SERVICE CO., Plaintiff,

v.

ENVIROTECH CORPORATION, Defendant and Third Party Plaintiff,

v.

SARGENT & LUNDY, Third Party Defendant.

Civ. No. H81–574.

United States District Court, N.D. Indiana, Hammond Division.

March 16, 1983.

---

David C. Jensen, Hammond, Ind., for plaintiff.

Edward T. Robinson, Boston, Mass., Patrick J. Galvin, Hammond, Ind., for Envirotech.

John R. Doyle, Chicago, Ill., George Heintz, Merrillville, Ind., for Sargent & Lundy.

## ORDER

MOODY, District Judge.

This matter is before the Court on the motion of Defendant and third-party plaintiff, Envirotech Corporation, for a transfer of this action to the Southern District of Indiana, Indianapolis Division, pursuant to 28 U.S.C. § 1404(a), filed on January 19, 1983. This motion is DENIED without prejudice.

Section 1404(a) empowers a district court to transfer any civil action to any district or division where it could have been brought originally "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Although section 1404(a) is similar to the common law doctrine of forum non conveniens, the statute authorizes transfers within the federal court system with a lesser showing of inconvenience necessary to obtain a dismissal under the doctrine. *See Norwood v. Kirkpatrick,* 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955); *Reyno v. Piper Aircraft Co.,* 630 F.2d 149, 157 (3rd Cir.1980), *rev'd on other grounds,* 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981); 1 Fed.Proc., L.Ed. § 1:749 (1981). Consequently where section 1404(a) is applicable, "forum non conveniens does not apply, since the proper remedy for an inconvenient forum is a transfer rather than dismissal." 1 Fed. Proc., L.Ed. § 1:749 (1981). Therefore, because the issue of a transfer is a question of federal procedure and is covered exclusively by section 1404(a), federal law controls the transferability of a diversity suit. *Thomson v. Palmieri,* 355 F.2d 64, 66 (2nd Cir.1966); *Willis v. Weil Pump Co.,* 222 F.2d 261 (2d Cir.1955); 1 Fed.Proc., L.Ed. §§ 1:750, 1:761 (1981). Furthermore, the district court has broad discretion under section 1404(a), although such discretion must be exercised "reasonably and in conformity with the statutory criteria." 1 Fed.Proc., L.Ed. § 1:772 (1981); *Brown v. Grimm,* 624 F.2d 58 (7th Cir.1980); *Chicago, Rock Island & Pacific Railroad Co. v. Igou,* 220 F.2d 299 (7th Cir.1955), *cert. denied,* 350 U.S. 822, 76 S.Ct. 49, 100 L.Ed. 735. The court must consider the convenience of the parties, the convenience of the witnesses, and the interests of justice, which includes such factors as the plaintiff's choice of forum, the accessibility of witnesses and other sources of proof, difficulties that may arise from congested dockets, and all other factors necessary to assure an economical and expedient trial.[1] 28 U.S.C. § 1404(a); *Hess v. Gray,*

---

1. The factors relevant to a forum non conveniens motion are still relevant under 28 U.S.C. § 1404. *See Norwood v. Kirkpatrick,* 349 U.S.

29, 32, 75 S.Ct. 544, 546, 99 L.Ed. 789 (1955). The Supreme Court in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed.

**365**

85 F.R.D. 15, 25 n. 4 (N.D.Ill.1979). Finally, the burden of proving that a transfer is warranted is upon the moving party. *Illinois Tool Works, Inc. v. Sweetheart Plastics, Inc.,* 436 F.2d 1180 (7th Cir.1971), *cert. dismissed,* 403 U.S. 942, 91 S.Ct. 2270, 29 L.Ed.2d 722 (1971). In order to carry his burden, the movant must establish that the balance of convenience "weighs strongly in favor of the proposed transferee district." *Hess v. Gray,* 85 F.R.D. 15, 24 (N.D.Ill. 1979); *General Portland Cement Co. v. Perry,* 204 F.2d 316 (7th Cir.1953).

Here, Envirotech Corporation [EVT] has requested a transfer to the Southern District of Indiana on the grounds of prospective juror bias due to a possible pecuniary interest in the outcome of this case. EVT points out that the plaintiff, NIPSCO, is an investor-owned public utility which provides electrical energy and natural gas to both residential and commercial consumers throughout the northern third of Indiana. Also, because NIPSCO rates and expenditures have been the recent subject of numerous newspaper articles, EVT claims that NIPSCO consumers are "highly sensitive to their rates and are aware of the connection between plant capital expenditures and rates." Memorandum of Defendant at 8. Consequently, EVT argues that virtually every prospective venireman will reasonably believe that a recovery by NIPSCO will result in reduced fuel costs to the consumer. EVT therefore concludes that it is impossible to empanel an impartial jury and the action must be transferred in the interests of justice.

 The question of possible venireman prejudice was addressed by the Eastern District of Virginia in *Virginia Electric & Power Co. v. Sun Shipbuilding & Dry Dock Co.,* 389 F.Supp. 568 (E.D.Va.1975), a case almost identical on its facts to the case at bar. In *Virginia Electric & Power Co.* [VEPCO], the defendant moved for a transfer on the grounds that, since VEPCO serves the Eastern District exclusively, the vast majority of prospective veniremen will have a "substantial and conscious pecuniary interest" in a recovery by VEPCO. 389 F.Supp. at 569. The district court stated that the impact on jurors of a recovery by VEPCO could not be determined "until the amount is ascertained, the recovery is made, the State Corporation Commission has reached a conclusion as to how the recovery should be treated, and this conclusion, in all likelihood, is reviewed by the Supreme Court of Virginia." *Id.* at 571. Thus, the court concluded that the *actual* impact of a recovery by VEPCO on prospective veniremen was not provable "even if the defendant was granted a reasonable time to introduce its evidence." *Id.* at 570. *See also City of Cleveland v. Cleveland Electric Illuminating Co.,* 538 F.Supp. 1240, 1251 (E.D. Ohio, 1980). This Court is not persuaded by the *VEPCO* rationale. The question is not whether, and to what extent, there will be any *actual* impact on prospective jurors from a recovery by NIPSCO but whether prospective jurors *subjectively believe* that they will benefit if NIPSCO recovers. While this Court is not prepared to transfer a case based upon mere conjecture and conclusory allegations, it will consider such evidentiary support as would demonstrate the propriety of a transfer based upon prospective veniremen bias. Statistical evidence or the results of opinion polls are often used to support a pre *voir dire* request for transfer because of prospective juror prejudice.[2]

1055 (1947), listed some of the relevant factors considered under the common law doctrine:

Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

**2.** This Court recognizes that there is considerable authority to the effect that the proper time for determining prospective juror prejudice is during *voir dire. See, e.g., United States v. Jones,* 542 F.2d 186, 193 (4th Cir.), *cert. denied,* 426 U.S. 922, 96 S.Ct. 2629, 49 L.Ed.2d 375 (1976); *United States v. Caesar,* 368 F.Supp. 328, 335 (E.D.Wis.1975); *aff'd sub. nom., United States v. Hardin,* 519 F.2d 1405 (7th Cir. 1975); *City of Cleveland v. Cleveland Electric Illuminating Co.,* 538 F.Supp. 1240, 1253 (E.D.

*See e.g., United States v. Haldeman,* 559 F.2d 31, 64 n. 43 (D.C.Cir.1976), *cert. denied,* 431 U.S. 933, 97 S.Ct. 2641, 53 L.Ed.2d 250 (1977); *Los Angeles Memorial Coliseum Comm'n v. N.F.L.,* 89 F.R.D. 497, 509 (D.C. Cal.1981); *United States v. Holder,* 399 F.Supp. 220, 228 (W.D.S.D.1975). Since EVT has submitted no statistical evidence or opinion poll results, and since the newspaper articles submitted thus far do not compel a conclusion that a fair and impartial jury cannot be empanelled in this district,[3] the motion for a change of venue must be denied. This Court will consider, however, the results of an opinion poll of prospective veniremen conducted by a public opinion research company. The District Courts in the Northern District of Indiana choose their jury panels from lists of registered voters in this District. Therefore, the independent survey should be conducted accordingly. EVT must notify this Court within 10 days from the date of this Order as to whether it will conduct an opinion poll, the results of which must be submitted to this Court on or before June 15, 1983.

The Court notes that a transfer to the Southern District of Indiana would be appropriate under § 1404(a) as it is a district where the action might have been brought originally. *See Hoffman v. Blaski,* 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960). Pursuant to 28 U.S.C. § 1391(a), venue in a diversity case is proper where all plaintiffs or all defendants reside, or in which the claim arose. Here, EVT is the only defendant and is qualified to do business in the State of Indiana as a foreign corporation. Memorandum of Defendant at 2. Section 1391(c) provides that a corporation is amenable to service of process in any judicial district in which it is licensed to do business and "such judicial district shall be regarded as the residence of such corporation for venue purposes." 28 U.S.C. § 1391(c). Thus, the Southern District of Indiana would be a court of proper venue. Further, the Court notes that the comparative docket situation in the Northern and Southern Districts of Indiana is irrelevant as a trial date has already been set for this case. As for NIPSCO's contention that EVT's motion is untimely, the Court does not find, in its discretion, that delay, in and of itself, is sufficient to deny the motion. *H.L. Green Co. v. MacMahon,* 312 F.2d 650 (2nd Cir.1962), *cert. denied,* 372 U.S. 928, 83 S.Ct. 878, 9 L.Ed.2d 736 (1963); 1 Fed.Proc., L.Ed. § 1:800 (1981). Moreover, NIPSCO has not shown that it has been prejudiced by EVT's delay in making the motion for transfer. Finally, neither NIPSCO nor EVT have addressed the issue of convenience of the parties and the witnesses.

It is therefore ORDERED that defendant and third party plaintiff, EVT, notify this Court within 10 days from the date of this Order as to whether it will conduct an opinion poll in accordance with the requirements set out above, the results of which must be submitted to this Court on or before June 15, 1983, and that the Motion for Change of Venue is hereby DENIED without prejudice.

---

Ohio, 1980). However, when the probability of prejudice is great under the circumstances, the efficacy of examining the jurors during *voir dire* is diminished. *Groppi v. Wisconsin,* 400 U.S. 505, 91 S.Ct. 490, 27 L.Ed.2d 571 (1971); *Irvin v. Dowd,* 366 U.S. 717, 727–28, 81 S.Ct. 1639, 1645, 6 L.Ed.2d 751 (1961); *United States v. Jones, supra,* 542 F.2d at 193. Because this is a complex case requiring extensive discovery and preparation, the Court is of the opinion that deferring a determination of prospective juror bias until *voir dire* is utterly unworkable based on time, energy, and cost considerations.

**3.** While the newspaper articles submitted to the Court thus far by EVT do not compel the conclusion that empanelling an impartial jury in this district is an impossibility, the extensive publicity surrounding NIPSCO rates and possible utility cutoffs do raise an inference that NIPSCO consumers are sensitive to and aware of the connection between plant capital expenditures and rates. *See* Affidavit of Edward T. Robinson, Exhibits B and C.