**In re WYOMING TIGHT SANDS ANTITRUST CASES.**

Civ. A. No. 85–2349–S.

United States District Court, D. Kansas.

Dec. 21, 1988.

**562**

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendants' joint motion for change of venue. All defendants in these consolidated actions move for a change of venue pursuant to 28 U.S.C. § 1404(a). These complex consolidated actions involve claims against certain suppliers of natural gas. It is alleged that these suppliers conspired to fix inflated prices in violation of federal antitrust law. Defendants contend that they are entitled to a change of venue to ensure a fair and impartial jury trial, as provided by the Seventh Amendment to the Constitution of the United States.

To warrant a transfer of venue, the moving party must show that the transfer is for "the convenience of the parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). The party seeking the transfer carries the burden of showing that the action should be transferred. *Ammon v. Kaplow,* 468 F.Supp. 1304, 1313 (D.Kan. 1979). Unless the balance of the factors set forth in section 1404(a) "is strongly in favor of the [moving party], the plaintiff's choice of forum should rarely be disturbed." *William A. Smith Contracting Co. v. Travelers Indemnity Co,* 467 F.2d

662, 664 (10th Cir.1972); *see also Triple A Partnership v. MPL Communications,* 629 F.Supp. 1520, 1526 (D.Kan.1986). The decision to grant or deny a party's motion to transfer is within the sound discretion of this court. *See Triple A Partnership,* 629 F.Supp. at 1526.

██ Defendants contend that the "interest of justice" requires this court to transfer these consolidated actions to another court. Defendants feel that unless venue is changed, they will be denied the opportunity of a fair and impartial jury trial. Specifically, the defendants make two arguments why the interest of justice mandates a change of venue. First, defendants argue that prospective jurors in this district will most likely be customers of some or all of the plaintiffs. Thus, the prospective jurors could benefit if the plaintiffs are awarded a sizeable verdict and the benefits of that award are passed on to plaintiffs' customers. Secondly, defendants argue that pretrial publicity will prevent their opportunity for a fair trial.

These cases have bounced around the Western District of Missouri, the Northern District of Oklahoma, and the District of Kansas, before they were consolidated in this district. Now, defendants assert that the interest of justice requires transferring these cases to another venue, suggesting Wyoming or Colorado. Defendants argue that any person called for jury service in this district will inevitably have a personal financial interest in the outcome of these cases. The court finds this argument speculative at best. Conclusory statements that utility customers will directly benefit from any recovery by the utilities are not enough to meet defendants' burden to show the transfer necessary.

Other courts have dealt with similar arguments. These courts have found such assertions of jury bias insufficient to warrant a change of venue. *See Virginia Electric & Power Co. v. Sun Shipbuilding and Dry Dock Company,* 389 F.Supp. 568, 571 (E.D.Va.1975) ("hereinafter *VEPCO* "); *City of Cleveland v. Cleveland Electric Illuminating Co.,* 538 F.Supp. 1240, 1253

(N.D.Ohio 1980); *Pennsylvania Power & Light Co. v. Gulf Oil Co.*, 270 Pa.Super. 514, 411 A.2d 1203 (1979), *cert. denied*, 446 U.S. 966, 100 S.Ct. 2943, 64 L.Ed.2d 825 (1980). In *VEPCO*, the United States District Court for the Eastern District of Virginia faced a situation quite analogous to the present one. In that case, the plaintiff was a public utility. The court accepted as true defendants' assumption that any jury would include plaintiffs' customers. The court denied the request to change venue, noting that there could be no certainty about the impact, if any, a recovery for the utility would have on prospective jurors' utility rates. *VEPCO*, 389 F.Supp. at 571. The effect on utility rates would not be determined until after recovery was awarded and the state corporation commission approved the utility's use of the recovered fund. *Id.; see also City of Cleveland*, 538 F.Supp. at 1252–53, (discussing *Pennsylvania Power & Light*). The court finds, in agreement with these cases, that the future impact of any recovery by the plaintiffs on prospective jurors' utility rates is uncertain and speculative.

Although the impact of any damage award to plaintiffs on consumers is speculative and uncertain, defendants argue that prospective jurors may subjectively perceive some personal benefit from a sizeable award to plaintiffs. Defendants contend that since many prospective jurors may have a perception of personal benefit, an impartial jury cannot be empaneled in this district. This court strongly believes in the "presumption of a prospective juror's impartiality." *See Irvin v. Dowd*, 366 U.S. 717, 723, 81 S.Ct. 1639, 1642–43, 6 L.Ed.2d 751 (1961). The possibility that a recovery for the plaintiffs may eventually benefit plaintiffs' customers is insufficient to rebut the presumption that utility consumers as jurors will act impartially in performing their jury duty. If the court were to adopt defendants' logic, then a public utility could never file suit or be sued in a district court in which it provided service. *See VEPCO*, 389 F.Supp. at 571 (Defendants' approach "would deny utilities their home venue in all except the most minor of cases."). Also, such logic would prevent citizens of a political subdivision from serving as jurors in cases brought by or against their city, county, or state. Any recovery could have a possible effect on the citizens' tax liability.

If the jury venire includes individuals who have biases for or prejudices against the public utilities, or who believe they will personally benefit from any recovery by the utilities, voir dire will adequately protect defendants and ensure a fair and impartial jury. The court agrees with the *Pennsylvania Power & Light Co.* court, which stated:

> [W]e will not assume unfairness, and therefore will not find a violation of due process, where the only interest shown is a speculative and perhaps insignificant possibility of some future benefit. As to [the] concern that some of the [public utilities] customers believe that they will benefit, this belief, if indeed it does exist, is something that we believe can be satisfactorily discovered on voir dire.

*Pennsylvania Power & Light Co.*, 411 A.2d at 1218, *quoted in City of Cleveland*, 538 F.Supp. at 1253.

■ Finally, defendants argue that pretrial publicity regarding these cases will prevent an impartial jury from being empaneled in this district. Defendants have offered copies of news articles and editorials from area news publications. The court has reviewed these items and finds that, even assuming the prospective jurors read these news items, they are insufficient to mandate a change of venue. Any bias or prejudice a prospective juror may have because of reading these news accounts can be determined and dealt with during voir dire.

In conclusion, the court finds that any personal financial interest of all prospective jurors in this district is speculative and uncertain. Furthermore, the possibility that some prospective jurors may perceive a financial interest with the plaintiffs does not mandate a change of venue. The court finds that voir dire will ensure defendants a fair and impartial jury trial. The interest of justice does not weigh in favor of a change of venue. Also, the court notes

that the choice of any venue will be inconvenient for some parties and witnesses, but this district is as convenient, if not more convenient, to the parties and witnesses than any alternate venue. Thus, the balance of section 1404(a) factors does not outweigh plaintiffs' choice of forum. The defendants fail to show that a transfer of these cases from this district is necessary.

IT IS BY THE COURT THEREFORE ORDERED that defendants' motion for change of venue is denied.