**Sang MULLINS, Plaintiff,**

v.

**FAST MOTOR SERVICE, INC., et al., Defendants.**

**No. 88 C 7390.**

United States District Court, N.D. Illinois, E.D.

Oct. 31, 1989.

Arthur E. Engelland, Chicago, Ill., for plaintiff.

Richard J. Aronson, Gurion & Lewis, Chicago, Ill., for defendants.

## ORDER

NORGLE, District Judge.

Before the court is the motion of defendants, pursuant to 28 U.S.C. § 1404(a), to transfer this action to the United States District Court for the Western District of Michigan.

■ Transfer is appropriate under 28 U.S.C. § 1404(a) where the moving party demonstrates 1) venue is proper in the transferor district, 2) venue and jurisdiction are proper in the transferee district, and 3) the transfer is for the convenience of parties and witnesses and in the interest of justice. *See Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219 n. 3 (7th Cir. 1986); *Central States, Southeast and Southwest Areas Pension Fund v. Brown,* 587 F.Supp. 1067, 1069 (N.D.Ill.1984) Though § 1404(a) is derived from the common law doctrine of *forum non conveniens,* the moving part under § 1404(a) has a lesser burden of showing inconvenience than is required under the common law doctrine. *See Northern Indiana Public Service Co. v. Envirotech Corp.,* 566 F.Supp. 362, 364 (N.D.Ill.1983). Moreover, because § 1404(a) does not specify the weight to be accorded each factor, it is left to the discretion of the court. *See Coffey,* 796 F.2d at 219; *see generally* 15 C. Wright & A. Miller, *Federal Practice* § 3844–47 (1986).

■ Once it has been determined that the court has the power to transfer an action under § 1404(a), both the private interest of the parties and the public interest of the court must be considered in evaluating the convenience and fairness of transfer. Private interests include 1) plaintiff's choice of forum, 2) the situs of material events, 3) the relative ease of access to sources of proof in each forum, including the court's power to compel the appearance of unwilling witnesses at trial and the costs of obtaining the attendance of witnesses and 4) convenience to the parties—specifically, their respective residences and abilities to bear the expense of trial in a particular forum. *See generally G.H. Miller & Co. v. Hanes,* 566 F.Supp. 305, 307 (N.D.Ill. 1983); *Blumenthal v. Management Assistance, Inc.,* 480 F.Supp. 470, 472–74 (N.D. Ill.1979); *Coats Co., Inc. v. Vulcan Equipment Co. Inc.,* 459 F.Supp. 654, 656–57 (N.D.Ill.1978); 15 C. Wright & A. Miller, *Federal Practice* § 3849–53 (1986). Public interest factors include the court's familiarity with applicable law and the desirability of resolving controversies in their locale. *See Von Gelder v. Taylor,* 621 F.Supp. 613, 619 (N.D.Ill.1985).

■ The court may invoke § 1404(a) in order to transfer this action. Because the automobile accident out of which plaintiff's claim arose occurred in the Western District of Michigan, venue and jurisdiction are proper there. Venue would not have been proper in this district; since not all of the defendants reside here, as is required under 28 U.S.C. § 1391(a)—Samuel Clark is a citizen of Texas. However, specifically in their answer and impliedly by filing a § 1404(a) motion, defendants have consented to venue in this district.

An examination of the relevant factors favors transfer. The only contact Illinois has with this action, besides being plaintiff's choice of forum, is that the corporate defendant is both incorporated in and has its principal place of business in Illinois. Plaintiff, a New York resident, has absolutely no connections with the Northern District of Illinois. The individual defendant is a resident of Texas. The corporate defendant, although an Illinois corporation, seeks transfer. The accident occurred in Michigan. The owner of the automobile plaintiff was driving at the time of the accident is a Michigan resident. All occurrence witnesses are Michigan residents. Seventeen of the eighteen doctors who have examined plaintiff and the medical centers at which plaintiff received care are

in Michigan. Simply put, none of the witnesses or evidence with respect to this matter are located in Illinois. As this action has its strongest connection with Michigan, the § 1404(a) factors favor transfer to the district in Michigan in which the action might have been brought originally.

Additionally, the public interest in having this matter presided over by a court familiar with Michigan law—which will govern—and in having disputes which arose in Michigan settled there favors transfer.

In sum, the convenience factors in conjunction with the public interest sufficiently favor transfer to outweigh plaintiff's choice of forum.

Defendants' motion to transfer is granted.

IT IS SO ORDERED.