**TOLEDO FAIR HOUSING CENTER et al.**

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY et al.**

Court of Common Pleas of Ohio,
Lucas County.

No. 93–1685.

Decided Oct. 31, 1996.

146

Cooper, Walinski & Cramer, Stephen Dane, Janet Hales and Margaret Lockhart; Washington Lawyers Committee for Civil Rights Under Law and John P. Relman; Richard J. Ritter; William Howard Lynch; Hall, Patterson & Charne, S.C., and Gretchen Elizabeth Miller, for plaintiffs.

*Fox & Grove, Jeffrey Goldman, Allison Blakely, Joel Rice* and *Diane Cifuentes Gerew; Fuller & Henry* and *Martin J. Witherell,* for defendants.

FREDERICK H. McDONALD, Judge.

This case is before the court upon a renewed motion to transfer venue filed by defendants Nationwide Mutual Insurance Company and Nationwide Mutual Fire Insurance Company (collectively "Nationwide"). Upon consideration of the pleadings, the written arguments of counsel, and the applicable law, I find that the motion should be denied.

I

The facts surrounding this class action lawsuit were fully set out in the Opinion and Judgment Entry of January 17, 1996. 94 Ohio Misc.2d 17, 703 N.E.2d 340. Nationwide now moves to transfer this case to an adjoining county, arguing that an impartial jury cannot be empaneled in Lucas County because (1) the class is so large that a significant percentage of veniremen will either be class members or relatives of class members; (2) if all class members and their relatives were excluded, African Americans would be underrepresented in the venire; (3) strong feelings of bias against Nationwide exist in Lucas County; and (4) considerations of judicial efficiency require transfer. Nationwide also argues that Nationwide insureds and members of other inner city neighborhoods in the city of Toledo, because they may have a financial stake in the outcome of the lawsuit, have a potentially disqualifying interest.[1]

II

Civ.R. 3(C) governs change of venue. Civ.R. 3(C)(4) states:

"Upon motion of any party or upon its own motion the court may transfer any action to an adjoining county within this state when it appears that a fair and impartial trial cannot be had in the county in which the suit is pending."

The decision whether to change venue pursuant to Civ. R. 3(C)(4) is within the court's discretion. *State ex rel. Dunbar v. Ham* (1976), 45 Ohio St.2d 112, 114, 74 O.O.2d 213, 213–214, 341 N.E.2d 594, 595–596. The moving party has the burden of showing that a change of venue is necessary and proper. *Hanning v. New England Mut. Life Ins. Co.* (S.D.Ohio 1989), 710 F.Supp. 213, 215.

---

1. Nationwide previously moved to transfer venue, and the motion was denied without prejudice. See Journal Entry of December 6, 1994. This motion is a renewal of the previous motion.

### III

■ The first issue is whether, given the size of the class, an impartial jury can be empaneled in Lucas County. Nationwide contends that, accounting for turnover at a rate of fifty-five percent (according to United States Census Data), but not accounting for joint ownership, a conservative estimate of the class size is roughly 18,000 persons; accounting for joint ownership at a conservative rate of thirteen percent the class size is in excess of 20,000 persons. Nationwide argues that, with a class this size, a significant percentage of veniremen would be either class members or relatives of class members and would thus be ineligible to sit as jurors. The plaintiffs, on the other hand, argue that Nationwide has exaggerated the class size. According to the plaintiffs, the turnover rate, at least in their "test" census tract,[2] is actually much lower. Assuming an equally low turnover rate in all of the census tracts, a more reasonable estimate of the class size is slightly more than 11,000 persons.

It is apparent from the briefs that the ultimate size of the class is in question. Therefore, Nationwide can only speculate that a significant portion of the venire would consist of class members and their relatives. Since it is unclear at this point what the class size will be, it is too early to determine that an impartial jury cannot be empaneled in Lucas County. Accordingly, the motion to transfer venue on this basis will be denied at this time.

■ The second issue is whether an impartial jury can be empaneled in Lucas County if class members and their relative are removed. Nationwide contends that, since the African–American population in the city of Toledo is largely concentrated in the twenty census tracts at issue in this lawsuit, removal of class members and their relatives would result in a "systematic" exclusion of African–American jurors. Nationwide apparently assumes that all, or most, African–Americans residing in the subject census tracts are class members. In fact, it is possible that many African–Americans residing in the subject census tracts are renters and not homeowners, and thus not members of the class. Again, to say that exclusion of class members from the jury would result in an underrepresentation of African–Americans is speculation. Since it is unclear how many African–Americans would actually be eligible to sit on the jury, Nationwide's motion will be denied on this basis at this time.

The third issue is whether an impartial jury can be empaneled in Lucas County given that, according to Nationwide, a significant percentage of the venire would consist of others in the community who have a "substantial economic stake" in the

---

2. The plaintiffs conducted a "test" of one census tract, census tract 8, in order to determine the best way of identifying class members. In conducting that test, the plaintiffs determined that the turnover rate in census tract 8 was nineteen percent.

outcome of the lawsuit. A related issue is whether current Nationwide insureds have enough of a financial stake in the lawsuit to require disqualification from the jury. Nationwide argues that others in the community who, like the class members, have been unable to obtain certain types of homeowner's insurance from Nationwide have enough of an interest in the lawsuit to require, potentially, their removal from the jury venire. Nationwide also contends that, since the plaintiffs allege that Nationwide's practices have caused deterioration of the inner city, all members of those communities, even though they are not class members, have an interest in the outcome of the lawsuit.

■ Courts have held that the party challenging jurors' impartiality must "raise a contention of bias from the realm of speculation to the realm of fact." *Cleveland v. Cleveland Elec. Illum. Co.* (N.D.Ohio 1980), 538 F.Supp. 1240, 1251; see, also, *N. Indiana Pub. Serv. v. Envirotech Corp.* (N.D.Ind.1983), 566 F.Supp. 362, 365 ("While this court is not prepared to transfer a case based upon mere conjecture and conclusory allegations, it will consider such evidentiary support as would demonstrate the propriety of a transfer based upon prospective venireman bias."). Courts disagree as to the standard to be applied in motions to transfer venue based on alleged juror bias. Some courts ask whether the actual impact of a verdict on any juror is remote or speculative, see *In re Wyoming Tight Sands Antitrust Cases* (D.Kan.1988), 723 F.Supp. 561, 563, motion for certification for interlocutory appeal denied (1989), 715 F.Supp. 307; *Virginia Elec. & Power Co. v. Sun Shipbuilding & Dry Dock* (E.D.Va.1975), 389 F.Supp. 568, 571. Other courts ask whether evidence exists that jurors subjectively believe that they will benefit from a favorable verdict, see *N. Indiana Pub. Serv. v. Envirotech,* 566 F.Supp. at 365. At least one court asked both questions. See *Pennsylvania Power & Light v. Gulf Oil Corp.* (Pa.Super.1979), 270 Pa.Super. 514, 411 A.2d 1203, 1213–1216, certiorari denied (1980), 446 U.S. 966, 100 S.Ct. 2943, 64 L.Ed.2d 825.

■ After reviewing the record, I find that the defendants have not come forth with evidence to satisfy either standard. At this point, Nationwide can only speculate that members of other inner city neighborhoods will benefit from a verdict in favor of the plaintiffs. If these persons do indeed stand to benefit, the benefit is remote. The record does not disclose exactly how, when, and to what extent these other community members would benefit. The same is true for Nationwide insureds: any interest they have in the outcome of the lawsuit is both speculative and remote.

Additionally, the record does not support an argument that any of the persons described above subjectively believe that they stand to benefit from this lawsuit. The record does not contain evidence of extensive publicity suggesting that the outcome of this lawsuit will have a real pecuniary impact on non-class member

citizens. Likewise, there is no evidence of publicity suggesting that Nationwide insureds risk pecuniary disadvantage by a verdict unfavorable to Nationwide. Also absent from the record are the results of opinion polling showing that potential jurors subjectively believe that they will be impacted by the verdict. See *N. Indiana Pub. Serv. v. Envirotech Corp.*, 566 F.Supp. at 365 ("Statistical evidence or the results of opinion polls are often used to support a pre *voir dire* request for transfer because of prospective juror prejudice."). Further, any bias of this type can be and should be detected on *voir dire*. See *Cleveland Elec. Illum.*, 538 F.Supp. at 1247. Because the record fails to disclose that non-class members' interest in the outcome of the lawsuit is anything other than speculative or remote, and because the record does not disclose that potential jurors subjectively believe that they have a pecuniary interest in the lawsuit, the motion to transfer venue on this basis will be denied at this time.

■ The next issue is whether strong feelings of bias exist in Lucas County against Nationwide. Nationwide argues that a *Toledo Blade* article[3] quoting from the January 17, 1996 opinion certifying the class created in the minds of potential jurors a bias against Nationwide. As a matter of law, I find that this one article is insufficient to establish bias on the part of potential jurors. See *Aquatic Amusement Assoc., Ltd. v. Walt Disney World Co.* (N.D.N.Y.1990), 734 F.Supp. 54, 59 (two magazine articles not enough to establish that a fair jury could not be empaneled); *Hanning*, 710 F.Supp. at 215–216 (thirteen newspaper articles insufficient to establish juror bias where many of the articles were neutral and none suggested that the defendants were liable). Further, in the event that any bias exists from the one newspaper article, it can be detected on *voir dire*. *Id.* at 216; *Cleveland Elec. Illum.*, 538 F.Supp. at 1254 (except in extraordinary circumstances, the proper method for determining whether publicity has biased jurors is through *voir dire* examination).

■ Finally, Nationwide argues that considerations of judicial efficiency require transfer to an adjoining county. According to Nationwide, the *voir dire* process would be unreasonably unwieldy in Lucas County because of the need to inquire into class status, relationships to class members, insurance history, etc. This argument is without merit. The *voir dire* in this case will be extensive, but

---

3. *The Blade* article quoted from the January 17, 1996 opinion as follows:

" 'Without weighing the evidence or judging its credibility, I find some evidence exists in the present record to support a finding * * * that Nationwide may use * * * a set of underwriting rules that discriminates against African–American neighborhoods.

" 'According to that evidence, Nationwide's minimum insurance amount and its maximum dwelling age requirements may have a disparate impact on African–American neighborhoods. This evidence, if accepted, is also sufficient to support a finding that Nationwide operates under a general policy of discrimination.' " *The Toledo Blade*, January 27, 1996.

not unreasonably so for a class action lawsuit of this size with these issues. I do not find that *voir dire* will be so appreciably easier in another county as to warrant transfer. Accordingly, the motion to transfer venue on this basis will be denied at this time.

## JOURNAL ENTRY

It is ordered that the renewed motion to transfer venue filed by Nationwide Mutual Insurance Company and Nationwide Mutual Fire Insurance Company is denied without prejudice.

*Motion denied.*