OPINION
In this accelerated calendar case, appellants, Paula Jean and Joseph Robert Grenga ("Mr. and Mrs. Grenga"), appeal from the decision of the Trumbull County Court of Common Pleas, granting summary judgment in favor of appellees, Eugene R. Smith ("Eugene Smith"), Cortland Savings and Banking Company ("Cortland Savings"), Jerry Kane ("Mr. Kane") and Ronald A. Jacobs ("Mr. Jacobs").
The following facts gave rise to the instant appeal. On July 12, 1995, Paul Smith ("Mr. Smith") and his daughter, Mrs. Grenga, executed a safe deposit box lease with Cortland Savings. According to the lease, the safe deposit box rental was considered a rental in joint tenancy with rights of survivorship.[1]
Subsequently, on July 20, 1995, Mr. Smith granted his daughters, Mrs. Grenga and Ms. Margaret E. Hopkinson ("Ms. Hopkinson") durable power of attorney, which permitted them "access to and power of depositing in and removing from any safety deposit box in [Mr. Smith's] name."[2] As an aside, we note that Ms. Hopkinson is not a party to this action.
On August 23, 1995, Mr. Smith died, leaving a will wherein he named his daughter, Ms. Hopkinson, as the executrix.[3] According to the affidavit of Mr. Kane, the vice-president of Cortland Savings, he was contacted by Eugene Smith, the attorney for the estate of Mr. Smith, to open the safe deposit box.
On August 25, 1995, Ms. Hopkinson, Eugene Smith, Mr. Jacobs (the deputy auditor of Trumbull County), and Mr. Kane drilled open the safe deposit box located at Cortland Savings in order to inventory the contents therein and locate Mr. Smith's Last Will and Testament.[4]
Further, Mr. Jacobs stated in his affidavit that he was present with the other appellees to inventory the contents of the safe deposit box and complete a state tax form. To justify his entrance into the safe deposit box, Mr. Jacobs provided a letter from the Department of Taxation, dated February 21, 1991:
 "Section 5731.26(A) O.R.C. authorizes the Tax Commissioner to appoint an employee or employees of a county auditor's office as his agent or agents * * *. Section 5731.39(F) O.R.C. requires that any safe deposit company or financial institution holding a safe deposit box in a decedent's name have that box audited and inventoried by the Tax Commissioner (or his agent) before any of the assets are released. * * * Any agent of the Commissioner need not present any documentation to the financial institution in order to be allowed access to a safe deposit box. All financial institutions are required to permit an inventory of any safe deposit box standing in decedent's name. * * * [T]o withhold the decedent's will would be placing undue burden on all parties trying to administer the estate and file an estate tax return. It is clear, however, that any auditor or other agent of the Tax Commissioner must be allowed access to safe deposit boxes so as to fulfill their statutory obligation."[5]
 As a result of these events, on August 20, 1999, appellants filed a pro se complaint in the Mahoning County Court of Common Pleas, advancing several claims for relief. First, appellants claimed that on August 25, 1995, appellees committed trespass by forcibly entering Mrs. Grenga's safe deposit box, which was located at Cortland Savings in Vienna, Ohio. Second, appellants alleged that appellees removed and dispersed the contents of the safe deposit box to other individuals. Third, appellants contended that Cortland Savings and Mr. Kane "violated their written contractual obligations with [Mrs.] Grenga by permitting [appellees] into [the safe deposit box]." As a result of appellees' alleged trespass and negligence, Mr. and Mrs. Grenga claimed they "suffered pain of mind and incurred substantial monetary damages in obtaining the eventual recovery of their property[,]" while Mr. Grenga suffered loss of services and consortium.
On October 8, 1999, the Mahoning County Court of Common Pleas determined that venue was improper in Mahoning County. As a result, this matter was transferred to Trumbull County.
Upon consideration of numerous motions, the trial court granted summary judgment in favor of appellees while denying appellants' motion for summary judgment.[6] It is from this April 4, 2001 judgment appellants appeal, submitting seven assignments of error for our consideration:
 "[1.] The trial court erred to the prejudice of appellants by transferring appellant's [sic] cause of action to Trumbull County.
 "[2.] The trial court erred to the prejudice of appellants by not granting their motion for change of venue to adjoining county.
 "[3.] The trial court erred by not granting appellants summary judgment on all issues as appellees violated the constitutional rights of appellants by conduction [sic] an illegal search and seizure of their personal property.
 "[4.] The trial court erred to the prejudice of appellants by not reclusing [sic] himself from hearing this case involving a party that he represented as an attorney.
 "[5.] The trial court erred to the prejudice of appellants by denying them a fair and impartial trial on the merits and that is judicial error.
 "[6.] The trial court erred by granting appellee Eugene R. Smith summary judgment since he never filed a motion for summary judgment.
 "[7.] The trial court abused its discretion by dismissing appellant Joseph Robert Grenga's claim for loss of services and consortium."
 Because the first and second assignments of error are interrelated in that they both contend that Mahoning County was the proper venue for this action, they will be addressed in a consolidated fashion.
Generally, under the first and second assignments of error, appellants argue that it was an abuse of discretion for the Mahoning County Court of Common Pleas to transfer their cause of action to Trumbull County, and that the Trumbull County Court of Common Pleas erred in failing to transfer the case back to Mahoning County. According to appellants, because venue was appropriate as to Eugene Smith in Mahoning County, this county was the proper venue as to the remaining appellees (pursuant to Civ.R. 3(E)). Appellants further rely on Civ.R. 3(C)(4), claiming that they could not obtain a fair and impartial trial in Trumbull County.
The decision to grant or deny a motion to change venue is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. McGraw v. Convenient Food Mart (June 18, 1999), Lake App. No. 97-L-271, unreported, 1999 WL 420592, at 4. An abuse of discretion refers to more than an error of law or judgment, implying instead an attitude that is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
Civ.R. 3 governs venue and provides, in pertinent part:
"(B) Venue: where proper
 "Any action may be venued, commenced, and decided in any court in any county. When applied to county and municipal courts, `county,' as used in this rule, shall be construed, where appropriate, as the territorial limits of those courts. Proper venue lies in any one or more of the following counties:
"(1) The county in which the defendant resides;
 "(2) The county in which the defendant has his or her principal place of business;
 "(3) A county in which the defendant conducted activity that gave rise to the claim for relief;
 "(4) A county in which a public officer maintains his or her principal office if suit is brought against the officer in the officer's official capacity;
"* * *
 "(6) The county in which all or part of the claim for relief arose; * * *
"* * *
 "(11) If there is no available forum in divisions (B)(1) to (B)(10) of this rule, in the county in which plaintiff resides, has his or her principal place of business, or regularly and systematically conducts business activity;
"* * *
"(C) Change of venue
 "(1) When an action has been commenced in a county other than stated to be proper in division (B) of this rule, upon timely assertion of the defense of improper venue as provided in Civ.R. 12, the court shall transfer the action to a county stated to be proper in division (B) of this rule.
"* * *
 "(E) Venue: multiple defendants and multiple claims for relief
 "In any action, brought by one or more plaintiffs against one or more defendants involving one or more claims for relief, the forum shall be deemed a proper forum, and venue therein shall be proper, if the venue is proper as to any one party other than a nominal party, or as to any one claim for relief."
 In a motion for a change of venue, the moving party bears the burden of proof. Toledo Fair Hous. Ctr. v. Nationwide Mut. Ins. Co. (1996), 94 Ohio Misc.2d 145, 147; Tandon v. Tandon (Apr. 25, 2001), Jefferson App. No. 00-JE-16, unreported, at 7. On September 21, 1999, Cortland Savings, together with Mr. Kane, filed a motion to dismiss and/or transfer the matter to Trumbull County.[7] As the party seeking to change venue, Cortland Savings and Mr. Kane retained the burden of proof.
According to them, Mahoning County was an improper venue because, among other reasons, appellants' claim for relief arose from an action that transpired in Vienna, which is located in Trumbull County; thus, pursuant to Civ.R. 3(B)(6), Trumbull County was the appropriate venue for this action. To support their position, Cortland Savings and Mr. Kane pointed to appellants' complaint, wherein they stated that the alleged forcible entry of the safe deposit box occurred at Cortland Savings located in Vienna, Ohio.
In response, on September 27, 1999, appellants filed a reply to the motion to transfer, contending, inter alia, that Mahoning County was the proper venue as to Eugene Smith because he resided and maintained a principal place of business in North Lima. As such, appellants concluded that because venue was appropriate as to Eugene Smith in Mahoning County, pursuant to Civ.R. 3(E), this county was the proper venue as to the remaining appellees. However, appellants' allegations were not supported by evidence tending to prove that Eugene Smith resided and had a principal place of business in Mahoning County.
Upon consideration, we cannot conclude that the Mahoning County Court of Common Pleas abused its discretion in transferring this matter to Trumbull County because Cortland Savings and Mr. Kane demonstrated that pursuant to Civ.R. 3(B)(6), appellants' claims for relief arose in Trumbull County. Specifically, appellants admitted in their complaint that "[appellees] secretly and with force entered, or caused it to be forcibly entered, Paula Jean Grenga's safety deposit box No. 255, located in Cortland Savings and Banking Co., Vienna, Ohio."
Similarly, we conclude that the Trumbull County Court of Common Pleas did not abuse its discretion in denying appellants' motion to transfer the case back to Mahoning County. As noted above, "[i]n a motion for change of venue pursuant to Civ.R. 3(C), the burden is upon the movant to show that a fair and impartial trial cannot be had in a county in which a suit is pending." Tandon at 7. See, also, Toledo Fair Hous. Ctr. at 147, citing Hanning v. New England Mut. Life Ins. Co. (S.D.Ohio 1989),710 F. Supp. 213, 215. Given that appellants' now sought to change venue, they bore the burden of proof.
The basis for appellants' December 21, 1999 motion to change venue was that pursuant to Civ.R. 3(C)(4) and R.C. 2311.39, they would not receive a fair and impartial trial in Trumbull County.[8] According to appellants, it would be impossible to impanel a proper jury consisting of persons that did not have a relationship with appellees.
Upon review, we conclude that appellants failed to establish that R.C.2311.39 was applicable to the instant cause. This statute provides as follows:
 "When a corporation having more than fifty stockholders is a party in an action pending in a county in which the corporation keeps its principal office, or transacts its principal business, if the opposite party makes affidavit [sic] that he cannot, as he believes, have a fair and impartial trial in that county, and his application is sustained by the several affidavits of five creditable persons residing in such county, the court shall change the venue to the adjoining county most convenient for both parties."
 Other than their allegations, appellants did not present any evidence tending to show that Cortland Savings has more than fifty shareholders, or that Trumbull County is the location of the bank's principal business and/or office.
As for attempting to change venue under Civ.R. 3(C)(4), there was no showing whatsoever of any likelihood that appellants would not receive a fair and impartial trial in Trumbull County. Appellants submitted numerous affidavits from individuals claiming that they "firmly believed that [appellants] cannot receive a fair and impartial trial in Trumbull County." Such vague and indefinite statements hardly qualify as evidence that appellants could not receive a fair and impartial trial in Trumbull County. Accordingly, the trial court did not err in denying appellants' motion to transfer the action to Mahoning County.
There is also no merit to appellants' contention that a conflict of interest exists by having the law director of the city of Cortland, Attorney Robert M. Platt, Jr. represent Cortland Savings and Mr. Kane when Robert M. Platt, Jr., is allegedly the brother of Mr. Roger W. Platt, the statutory agent and president of Cortland Savings.[9]
According to appellants, "[they] have knowledge, and belief that pleadings in this matter originated in the office of Robert M. Platt, Jr., Law Director of Cortland, Ohio which is a real conflict of interest."
Again, appellants' claims are not supported by any evidentiary material. In other words, the record does not contain any evidence either that the law director for the city of Cortland is unable to maintain a private practice; or that, if he is, there is a conflict; or that he was indeed the law director at the time this suit was instituted. In light of the above stated reasons, the first and second assignments of error lack merit.
In assignment of error three, appellants contend that the trial court committed error in denying their motion for summary judgment. According to appellants, there is no dispute that the record shows, on August 25, 1995, Eugene Smith, Mr. Jacobs, and Mr. Kane seized, searched, removed, and distributed the contents of Mrs. Grenga's safe deposit box without her knowledge or consent, and that such conduct violated the Ohio and United States Constitutions and 42 U.S.C. § 1983. Specifically, appellants claim that appellees violated the following civil rights: freedom from an unreasonable warrantless search; violation of rights of property and privacy; and sustaining loss of property without due process of law or service of process.
It appears that the allegation of civil rights violations was never
specifically raised in appellants' complaint, and no amended complaint was ever filed pursuant to Civ.R. 15.[10] Rather, these civil rights claims were raised in the court below through appellants' April 21, 2000 motion captioned "Plaintiffs [sic] * * * motion in opposition to Defendant Ronald A. Jacobs [sic] Motion for Summary Judgment" and in the October 26, 2000 motion captioned "Motion in opposition to Defendant Jacobs [sic] motion in opposition to Plaintiff's motion for summary judgment."
Because the civil rights claims were not properly raised in the trial court, they cannot be raised in the present appeal. See e.g., Karlen v.Carfangia (June 2, 2001), Trumbull App. No. 2000-T-0081, unreported, 2001 WL 589381, at 5 (holding that because an oral contract claim was raised through plaintiff's response to defendant's motion for summary judgment, it was not properly brought in the lower court and could not be addressed on appeal); Karlen v. Carfangia (Sept. 15, 2000), Trumbull App. No. 99-T-0076, unreported, 2000 WL 1335785, at 5 (holding that because a contract claim was raised through plaintiff's response to defendant's motion to dismiss, it was not properly raised in the trial court and could not be addressed on appeal). Appellants' third assignment of error is, therefore, without merit.
In the fourth assignment of error, appellants suggest that the trial judge should have disqualified himself from the proceedings. According to appellants, it was improper for the trial judge, who was previously employed as an assistant prosecutor for Trumbull County, to now hear matters that involve the Deputy Auditor of Trumbull County, a party that he once represented.
We determine that appellants' argument falls short for a number of reasons. First, appellants overlook the fact that they failed to bring the issue of disqualification to the trial court's attention at a time when such errors could have been avoided and corrected by the court. "It is a cardinal rule of appellate review that a party cannot assert new legal theories for the first time on appeal." (Citations omitted) Abbottv. Haight Properties, Inc. (Apr. 28, 2000), Lucas App. No. L-98-1413, unreported, 2000 WL 491731, at 6, fn. 1. "An appellate court will not consider any error which a party complaining of a trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." LeFort v. Century 21-Maitland Realty Co. (1987), 32 Ohio St.3d 121,123.
Although appellants had the opportunity to bring the issue of disqualification to the attention of the trial court at any time, they failed to do so. Consequently, appellants have waived their right to raise the issue of disqualification on appeal. Store Realty Co. v.Cleveland (1975), 41 Ohio St.2d 41, 43.
Appellants also allege that certain conversations with Eugene Smith's secretary and the trial judge prove that ex-parte communications had taken place. However, these communications are not reflected in the record or a transcript. As such, we cannot determine whether the trial court considered ex-parte communications. Hence, this court must presume regularity in the trial court proceedings. Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 200. Appellants' fourth assignment of error is, therefore, meritless.
The fifth assignment of error concerns appellants' claim that the trial court denied them a fair and impartial trial. According to appellants, "[t]he Trial Court openly displayed contempt for Appellants and acted as an `attorney' for the Appellees during pre-trial."
Again, appellants failed to support their position with any evidentiary material. For instance, appellants make reference to three pre-trials, which were apparently held by the trial court. However, pursuant to App.R. 9(B) or (C), appellants failed to provide this court with either a transcript of the pre-trial proceedings or a statement of the evidence. Since a transcript is necessary to demonstrate the error raised, pursuant to Knapp, supra, appellants' failure to provide a transcript means that this Court has nothing to pass upon and must presume the validity of the lower court's proceedings and affirm. Appellants' fifth assignment of error lacks merit.
In the sixth assignment of error, appellants claim that the trial court erred in not granting their motion to strike Eugene Smith's motion for summary judgment. As grounds for their motion, appellants alleged that Eugene Smith failed to serve upon all parties copies of his motion for summary judgment as required by Civ.R. 5; thus, the trial court should not have granted Smith's motion for summary judgment.
A review of the record reveals that attached to Eugene Smith's motion for summary judgment was a certificate of service, which stated that the foregoing motion was only served upon appellants. Presumably, the remaining appellees did not receive a copy of this motion.
While Eugene Smith may have technically violated Civ.R. 5(A), appellants have not demonstrated how the failure to serve his motion upon the remaining appellees prejudiced them. For instance, appellants do not allege, nor does the record show, that they did not receive service of Eugene Smith's motion for summary judgment. Thus, any error which may have occurred from the failure to serve the remaining appellees with Eugene Smith's motion for summary judgment was harmless because appellants have not shown that they suffered prejudice as a result of these events. Civ.R. 61. See, generally, State v. Benner (1988),40 Ohio St.3d 301, 317; Bostic v. Connor (1988), 37 Ohio St.3d 144, 149
(generally holding that reversal is not warranted when an error is deemed harmless and no prejudice occurs). See, also, Caito v. Zucallo (Nov. 2, 2001), Portage App. No. 2000-P-0070, unreported, 2001 Ohio App. LEXIS 4994, at 10-12. Appellants' sixth assignment of error is not well-taken.
In the seventh and final assignment of error, appellants maintain that the trial court abused its discretion by dismissing their claim for loss of consortium and loss of services "as there exists nothing in the record disputing this claim."[11] In addition, appellants claim that the trial court departed from its role as an impartial arbitrator.
Appellants, however, make no attempt to provide any factual or legal reasons in support of the above contentions. App.R. 12(A)(2) permits this court to disregard issues not argued in the brief, and appellants have not given us any reason why we should address these issues. Although appellants are proceeding pro se, they are bound by the requirements of App.R. 12(A)(2), which they failed to satisfy. Further, other than their allegations, appellants failed to present evidence tending to show the extent of the loss of consortium or loss of services.[12] Appellants' seventh assignment of error is, therefore, without merit.
Based on the foregoing analysis, appellants' assignments of error lack merit, and the judgment of the trial court is affirmed.
NADER, J., GRENDELL, J., concur.
[1] A copy of the rental agreement was attached to appellants' March 21, 2000 motion for summary judgment.
[2] The power of attorney was attached to appellants' March 21, 2000 motion for summary judgment.
[3] This is evidenced through a January 15, 1997 judgment entry issued by the Trumbull County Court of Common Pleas, Division of Probate, attached as exhibit E, to Mr. Kane and Cortland Savings' March 21, 2000 joint motion for summary judgment and dismissal.
[4] This is readily admitted by appellees Eugene Smith, Mr. Kane, and Cortland Savings in their respective affidavits. Further, according to Eugene Smith's affidavit, he "attempted numerous times before entering the safe deposit box to contact [Mrs. Grenga] for the purpose of obtaining the key to said safe deposit box. However, [Mrs. Grenga] for reasons unknown, never made the key available; therefore, those present at the time the safe despot box was opened did so with the aid of the locksmith."
[5] This letter was attached as exhibit A to Mr. Jacobs' March 22, 2000 motion for summary judgment. Further, R.C. 5731.39(F) reads as follows:
 "No safe deposit company, financial institution as defined in division (A) of section 5725.01 of the Revised Code, or other corporation or person having possession or control of a safe deposit box or similar receptacle standing in the name of a decedent or in the name of the decedent and another person or persons, or to which the decedent had a right of access, except when such safe deposit box or other receptacle stands in the name of a corporation or partnership, or in the name of the decedent as guardian or executor, shall deliver any of the contents thereof unless the safe deposit box or similar receptacle has been opened and inventoried in the presence of the tax commissioner or the commissioner's agent, and a written consent to transfer issued; provided, however, that a safe deposit company, financial institution, or other corporation or person having possession or control of a safe deposit box may deliver wills, deeds to burial lots, and insurance policies to a representative of the decedent, but that a representative of the safe deposit company, financial institution, or other corporation or person must supervise the opening of the box and make a written record of the wills, deeds, and policies removed. Such written record shall be included in the tax commissioner's inventory records."
[6] Although the trial court incorrectly dismissed appellants' complaint, we will instead construe this as a grant of judgment in favor of appellees.
[7] This motion was filed in the Mahoning County Court of Common Pleas.
[8] This motion was filed in the Trumbull County Court of Common Pleas.
[9] Appellants raised this argument with the trial court in their December 21, 1999 motion to change venue.
[10] On November 28, 2000, appellants sought leave to file an amended complaint with the trial court. Although the court never specifically ruled on this particular motion, its April 4, 2001 judgment entry rendered any pending motions moot.
[11] Appellants' position is contradicted by their subsequent claim that "a decision on this matter properly belongs [in] the domain of a jury * * *."
[12] In their motion for summary judgment, appellants attached their affidavits wherein they merely averred that "[t]his matter, including the timing of the break in, caused [them] great emotional distress."